UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al., | Case No.  14-cv-02639-KAW |
| Plaintiffs, | ORDER GRANTING IN PART AND |
| v. | DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANT |
| WIN WOO TRADING, LLC, et al., | SAFETY TRUCKING, LLC AND JIA TUN ZHENG'S AMENDED ANSWER |
| Defendants. | Re: Dkt. No. 39 |

On November 11, 2014, Plaintiffs filed a motion to strike Defendants Safety Trucking, LLC and Jia Tun Zheng's affirmative defenses in their amended answer to Plaintiffs' first amended complaint. (Dkt. No. 39.)

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to strike.

## I.  BACKGROUND

On June 9, 2014, Plaintiffs Kuang Xuan Liu and Pei Xiong Lin filed this lawsuit against Defendants Win Woo Trading, LLC, Safety Trucking, LLC, and individuals Jia Jing Zheng, Jia Tun Zheng, and Mindy Fang, alleging violations of the Fair Labor Standards Act and the California Labor Code.

On August 7, 2014, Plaintiffs filed an amended complaint. (Am. Compl., Dkt. No. 7.)  On August 11, 2014, Defendants Safety Trucking, LLC and Jia Tun Zheng filed their answer.  On August 29, 2014, Plaintiffs filed a motion to strike Defendants Safety Trucking and Jia Tun Zheng ("Defendants") answer.  The parties eventually entered into a stipulation and Defendants filed an amended answer on October 23, 2014. (Am. Answer, Dkt. No. 35.)

1    On November 11, 2014, Plaintiffs filed a motion to strike Defendants' affirmative defenses

2    and prayer for attorneys' fees or, alternatively, motion for partial judgment on the pleadings. (Pls.'

3    Mot., Dkt. No. 39.)  Defendants filed their opposition on November 25, 2014. (Defs.' Opp'n, Dkt.

4    No. 40.)  Plaintiffs filed their reply on December 2, 2014. (Pls.' Reply, Dkt. No. 41.)

5                                    **II.  LEGAL STANDARD**

6    Federal Rule of Civil Procedures 8 requires that, when "responding to a pleading, a party

7    must . . . state in short and plain terms its defenses to each claim asserted against it."  Rule 12(f)

8    provides that, on its own or on a motion from a party, a "court may strike from a pleading an

9    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

10   P. 12(f).  "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating

11   spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d

12   1167, 1170 (N.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

13   1993)).  Notwithstanding, "[t]he Ninth Circuit has long held that '[t]he key to determining the

14   sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the

15   defense.'" *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425,

16   at *6 (N.D. Cal. Mar. 26, 2012)(quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

17   1979)).

18   In the wake of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

19   544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the

20   quesiton is whether the plausibility pleading standard for complaints "redefines what constitutes

21   'fair notice' of an affirmative defense pled in an answer." *Perez*, 2012 WL 1029425, at *6.  While

22   neither the Ninth Circuit nor the Supreme Court has addressed this question, courts in this district

23   have consistently found that the *Twombly-Iqbal* standard applies to affirmative defenses. *See, e.g.,*

24   *Perez*, 2012 WL 1029425, at *6-8; *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 359713, at *2

25   (N.D. Cal. Feb. 2, 2012); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 2,

26   2011); *Barnes*, 718 F.Supp.2d at 1171-72; *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945

27   CW, 2012 WL 1746848, at *3-4 (N.D. Cal. May 16, 2012)

28   Motions to strike, however, "are generally disfavored because the motions may be used as

2

delaying tactics and because of the strong policy favoring resolution of the merits." *Barnes*, 718 F. Supp. 2d at 1170 (citation omitted).  Thus, once properly pled, a motion to strike an affirmative defense which alleges legal insufficiency will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes*, 718 F. Supp. 2d at 1170 (N.D. Cal. 2010)(quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984)).  If a defense is stricken, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak*, 607 F.2d at 826.

### III. DISCUSSION

Defendants' amended answer raises seven affirmative defenses: (1) failure to state a cause of action; (2) laches; (3) statute of limitations; (4) unclean hands; (5) estoppel; (6) unjust enrichment; and (7) exemption.  Additionally, Defendants' prayer for relief seeks attorneys' fees and costs to the extent permitted under state law. (Am. Answer at 13.)  Plaintiffs move to strike all of the affirmative defenses and the prayer for relief. (Pls.' Mot. at 4-11.)

#### A.  First Affirmative Defense: Failure to State a Cause of Action

Defendants' first affirmative defense is for failure to state a cause of action.  Applying the *Twombly-Iqbal* standard, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez*, 2012 WL 1029425 at *8 (quoting *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10–CV–02825–LHK, 2011 WL 176846, at *4 (N.D. Cal. Jan.19, 2011)).  Thus, to satisfy Rule 8, a defendant need only put a plaintiff on notice of the underlying factual bases of the affirmative defense. *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 664676, at *3 (N.D. Cal. Feb. 22, 2013).

Defendants plead that Plaintiff Pei Xiong Lin's testified that he is uncertain whether he was ever employed by Safety Trucking and whether Jia Tun Zheng was his direct supervisor or manager. (Am. Answer  at 9.)

Plaintiffs contend that this is not a proper affirmative defense and that the factual basis is spurious and immaterial. (Pls.' Mot. at 5.)

3

United States District Court
Northern District of California

1   While technically, pursuant to Rule 12(h)(2), this affirmative defense is never waived, it

2   may still be pled as an affirmative defense.  Further, it appears that these facts were not known at

3   the time Defendants originally answered the amended complaint, because they are from Plaintiff

4   Pei Xiong Lin's deposition.  Lastly, defendants may plead inconsistent affirmative defenses, so to

5   the extent that Plaintiffs argue that this is inconsistent, that is not a basis for striking the defense.

6   *See Oki America v. Microtech Int'l, Inc.,* 872 F.2d 312, 313-14 (9th Cir. 1989).

7   Thus, the Court declines to strike the first affirmative defense.

8   **B.  Second Affirmative Defense: Laches**

9   Defendants' second cause of action is laches.  The doctrine of laches operates as a bar to a

10   claim for equitable relief where the statute of limitations is not available. DEF AGAINST A PRIMA

11   FACIE CASE § 11:6 (Rev ed. 2014).  Plaintiffs' amended complaint seeks injunctive relief.  Thus,

12   laches may be an available affirmative defense.  As currently pled in the amended answer,

13   however, Defendants fail to state facts that support a laches defense.

14   Accordingly, this defense is stricken with leave to amend to allege facts to support a laches

15   defense, rather than simply a formulaic recitation of the elements of the affirmative defense.

16   **C.  Third Affirmative Defense: Statute of Limitations**

17   Defendants' third affirmative defense is that the statute of limitations bars some or all of

18   Plaintiffs' claims. (Am. Answer at 10.)  Specifically, Defendants state that, as an example,

19   Plaintiffs have alleged overtime claims prior to June 9, 2010. *Id.*  Plaintiffs seek to strike this

20   defense on the grounds that Defendants have not listed the limitations periods for every cause of

21   action alleged. (Pls.' Mot. at 7.) The standard, however, is whether the affirmative defense gives

22   the plaintiffs fair notice. *Perez,* 2012 WL 1029425, at *6 (citation omitted).  Not only does the

23   Amended Answer provide Plaintiffs with some or all of the applicable statutes of limitation for

24   each cause of action, Defendants have given an example of alleged violations that they believe are

25   time-barred.  Accordingly, the facts pled, while not as precise as Plaintiffs would like, are

26   sufficient to give fair notice, and, therefore, the Court declines to strike the third affirmative

27   defense.

28   ///

United States District Court
Northern District of California

### D.  Fourth Affirmative Defense: Unclean Hands

Defendants' fourth affirmative defense is that the unclean hands doctrine bars some or all of Plaintiffs' claims.  In order to invoke this defense, Plaintiffs must have directly infected the actual cause of action before the court, and are not merely guilty of unrelated improper past conduct. *Pond v. Ins. Co. of N. Am.*, 151 Cal. App. 3d 280, 290 (Ct. App. 1984).  "The doctrine is not restricted, however, to defense of suits in equity, but applies as well to suits at law." *Id.* at 290.

Defendants allege that Plaintiff Pei Xiong Lin's wrongful conduct was applying for and collecting Unemployment Insurance benefits, presumably, when he was not entitled to them. (Am. Answer at 10.)  It is unclear, however, how this conduct would result in unclean hands in regards to the alleged causes of action. Thus, what is currently pled is insufficient to give Plaintiffs fair notice of the facts underlying the defense and must be amended.

Thus, the Court strikes the fourth affirmative defense with leave to amend.

### E.  Fifth Affirmative Defense: Estoppel

Defendants' fifth affirmative defense is that estoppel bars some or all of Plaintiffs' claims. (Am. Answer at 11.)  Defendants claim that Plaintiff Pei Xiong Lin admitted that he applied for and received Unemployment Insurance benefits following his voluntary resignation from Safety Trucking, LLC and while he was self-employed. *Id.*

Plaintiffs argue that it is unclear whether the defense pled is legal or equitable estoppel. (Pls.' Mot. at 8.)  The Court agrees.  Accordingly, the Court strikes the fifth affirmative defense with leave to amend to clarify which theory of estoppel they are asserting as an affirmative defense and any or all of what they believe Plaintiff Pei Xiong Lin's alleged conduct estops.

### F.  Sixth Affirmative Defense: Unjust Enrichment

Defendants' sixth affirmative defense is that unjust enrichment bars some or all of Plaintiffs' claims, because, should they recover, they would receive a higher hourly wage than they were paid. (Am. Answer at 11.)  Defendants plead that the hourly salary in 2010 was $11.25 rather than the $12.50 Plaintiffs claim in the first amended complaint. *Id.*  This is sufficient to put Plaintiffs on notice that Defendants believe that the wage and hour damages are less than alleged in the first amended complaint.

Thus, the Court declines to strike the sixth affirmative defense.

**G. Seventh Affirmative Defense: Exemption**

Defendants' seventh affirmative defense is that Plaintiffs were not misclassified as exempt employees. (Am. Answer at 12.)  This is a standard defense in wage and hour litigation, as whether Plaintiffs were exempt employees is at the very heart of this case.  Employees may be properly classified under a number of exemptions, and Defendants fail to identify any reasons why they believe Plaintiffs were exempt.  Accordingly, the Court strikes the seventh affirmative defense with leave to amend.

**H. Prayer for Relief: Attorneys' Fees and Costs**

In their prayer for relief, Defendants seek "attorneys' fees and costs of suit herein to the extent permitted under applicable law." (Am. Answer at 13.)  Plaintiffs object to this prayer for relief, citing the American rule, which provides that "attorneys' fees are usually not paid by the losing party to the winning party in a case, except pursuant to specific statutory or contractual rights." (Pls.' Mot. at 11.)  It appears that Plaintiffs are attempting to preclude a future motion for attorneys' fees and costs.  That, however, is inappropriate at this juncture.  Accordingly, the Court declines to strike Defendants' prayer for relief.

**I. Plaintiffs' Request for Sanctions**

In their motion, Plaintiffs repeatedly seek to impose sanctions against Defendants' for their allegedly "unscrupulous litigation strategy." (Pls.' Mot. at 8, 9, 10.)  To date, however, Defendants' have merely filed an answer in this case, rendering Plaintiffs' motion for sanctions premature at best.  Moreover, Courts rarely award sanctions, and only do so when the conduct at issue is particularly egregious.  This does not appear to be one of those situations.  Further, motions for sanctions must be filed separately in accordance with Civil Local Rule 7-8.  Plaintiffs did not comply with that local rule, and so the request for sanctions is denied.

The Court reminds the parties that it may issue sanctions *sua sponte* for, among other reasons, unnecessary motion practice.  The parties are also reminded that they are required to meet and confer in good faith to resolve any outstanding disputes prior to seeking further court intervention pursuant to the Northern District's Guidelines for Professional Conduct (available at

*http://cand.uscourts.gov/professional_conduct*).  Specifically, "[m]otions should be filed or opposed only in good faith and when the issue cannot be otherwise resolved." *Id.* at § 10.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff'' motion to strike.  Accordingly, Defendants' second, fourth, fifth, and seventh affirmative defenses are stricken with leave to amend consistent with this order.  Defendants shall file a second amended answer on or before January 9, 2015.

Plaintiffs' request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: December 12, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California