X. Young Lai, #275396
586 N. First Street, Suite 213 B
San Jose, CA 95112
TEL: (408)228-3995
FAX: (866)610-9505
gagelegal@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU,<br>PEI XIONG LIN<br><br>        Plaintiffs<br><br>       vs.<br><br>WIN WOO TRADING, LLC,<br>SAFETY TRUCKING LLC,<br>JIA JING ZHENG,<br>JIA TUN ZHENG,<br>MINDY FANG<br>DOES 1-10,<br><br>        Defendants. | CASE NO. : 14-cv-02639<br><br>**Discovery Joint Letter Brief-re: Request For SPECIAL INTERROGATORIES (SI)**<br><br>**Propounding Party: Plaintiff KUANG XUAN LIU and PEI XIONG LIN**<br>**Responding Party: Defendant Safety Trucking, LLC** |

     The parties submit this Discovery Letter Brief re: SI in accordance with the Court's Standing Order. The undersigned Counsel attested he parties met and conferred in person prior to filing the letter, and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

     Dated: 7/10/2015       /s/ X. Young Lai
                X. Young Lai, Esq. Attorney for Plaintiffs

     Dated:                          
                Leon E. Jew, Esq.
     Attorney for Safety Trucking, LLC and Jia Tun Zheng

1   | X. Young Lai, #275396
2   | 586 N. First Street, Suite 213 B
    | San Jose, CA 95112
3   | TEL: (408)228-3995
    | FAX: (866)610-9505
4   | gagelegal@gmail.com

5   | Attorney for Plaintiffs

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  | KUANG XUAN LIU,
    | PEI XIONG LIN
11  |                                      CASE NO. : 14-cv-02639
12  |              Plaintiffs
13  |                  vs.
14  | WIN WOO TRADING, LLC,            **Discovery Joint Letter Brief-re: Request For**
    | SAFETY TRUCKING LLC,            **SPECIAL INTERROGATORIES (SI)**
15  | JIA JING ZHENG,
    | JIA TUN ZHENG,                  **Propounding Party: Plaintiff KUANG**
16  | MINDY FANG                      **XUAN LIU and PEI XIONG LIN**
    | DOES 1-10,                      **Responding Party: Defendant Safety**
17  |                                 **Trucking, LLC**
    |              Defendants.
18

19         The parties submit this Discovery Letter Brief re: SI in accordance with the Court's Standing

20  Order. The undersigned Counsel attested he parties met and conferred in person prior to filing the letter,

21  and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct

22  regarding discovery prior to filing the joint letter.

23         Dated: 7/10/2015        _____/s/ X. Young Lai_____
                                     X. Young Lai, Esq. Attorney for Plaintiffs
24

25         Dated:

26                                  _____
                                         Leon E. Jew, Esq.
27                        Attorney for Safety Trucking, LLC and Jia Tun Zheng
28

General Statement of Plaintiffs: Plaintiffs served Defendant Safety Trucking, LLC ("Defendant") with Plaintiff's first set of Special Interrogatories, Request for Document Productions, and Requests for Admissions via overnight mail on <u>February 19, 2015.</u> Defendant served its responses to requests for admissions and special interrogatories on <u>March 30, 2015</u> by mail, and its responses to request for document production and some documents by personal service <u>on March 31, 2015,</u> and its responses were late. Consequently, all of the objections, including those based upon privileges, were waived.

Defendant's objections on overbroad as to time and scope are without merits as Plaintiff's discovery requests have particularized time period from 2008 through 2014. "Merely stating that an interrogatory is 'overbroad' does not suffice to state a proper objection. Instead, the 'objecting party must specify which part of a request is overbroad, and why.'" *Franklin v. Smalls*, 2012 U.S. Dist. LEXIS 150312, 69-70 (S.D. Cal. Oct. 18, 2012). (Here, Defendant fails to state why the interrogatories are overbroad where an interrogatory is overbroad, the responding should answer whatever part of the question is proper, object to the balance and provide some meaningful explanation of the basis for the objection. *Mitchell v. National R. R. Passenger Corp.* (D. D.C 2002) 208 FRD 455, 458, fn.4; *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2000) 198 FRD 508, 512 (objections must explain how request or interrogatory is overbroad or unduly burdensome).

With respect to objection on relevancy, the scope of discovery is very broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (U.S. 1978).

Defendant's objections on third-party privacy is also unfounded. The interrogatories at issue do not seek highly personal or sensitive information that required special protection under Plaintiff's Interrogatories. It should be noted that "the invasion of privacy must be serious in nature, scope, and actual or potential impact. Trivial invasions do not create a cause of action." *Puerto v. Superior Court* (2008) 158 Cal. App. 4th 1242, 1251. The court held that the identification of potential witnesses was within the scope of proper discovery, and although the potential witnesses, who also worked for the employer, had a legitimate expectation that their addresses and telephone numbers

would not be disclosed, it was reasonable to conclude that they might want to share this information with coworkers who sought relief for violations of employment laws. *Id.* The court further held that the requested information, while personal, was not particularly sensitive, and there were no unusual circumstances suggesting that the information should be restricted. *Id.*  Furthermore, Plaintiffs have offered **a protective order**, which will adequately protected the information we requested.

General Statement of Safety Trucking:

**A. SI. 2.**State the name and home address and phone number of all former and current EMPLOYEES of YOURS in calendar years 2008 through 2014, and state the position, the dates of employment (which mean the time during which a person worked for a company or an individual, i.e. a start and end date which covers the entire length of employment) of each EMPLOYEE.

**B. SI. 3** For each employee identified in the interrogatory No. 2, state the pay rate, payroll periods (such as weekly, biweekly, or semimonthly), and whether the wages was made in cash or by check, in calendar years 2008 through 2014.

Plaintiff's Position on SI. 2-3: Defendant refused to provide a meaningful answer. The identity of any potential witness or documents that may support plaintiffs' claims is relevant and indispensable in this case. The employees of defendants are potential witness, and their employment records are pertinent to defendants' firm-wide employment practices, especially they are relevant to Plaintiff claim of unfair competition hinging upon unlawful labor practices, and more importantly, actions under the California Private Attorney General Act ("PAGA").The pay rate and payroll practice is relevant to minimum and overtime wage violations; whether payment of wages was made in cash or check is relevant to itemized wage statement violations.

Defendant's Position on SI. 2-3: Safety Trucking, LLC objected to Request for Production No. 3 on the grounds that it seeks documents protected by the rights of privacy of Safety Trucking, LLC's current and former employees. Thus, the information can be available only after a court order or authorization from each current/former employee.

**C. SI.4.**State the name and function of each department or other operative unit of SAFETY TRUCKING, LLC, and the name and home address of the PERSON who was in charge of the department/ operative unit in calendar years 2008 through 2014.

Plaintiff's Position: Defendant's answer to is evasive.   The corporate structure, the managerial employees, and the members of the LLC are needed to ascertain the identity of witnesses, and they have bearing on the alter ego allegations. Although Jia Tung Zhang is the general manager, Defendant should provide information as to the persons who's actually running those department, i.e. the persons to whom he delegated his power, and the person who actually did the bookkeeping, or administration, et al.

Defendant's Position: Safety Trucking, LLC is a very small company. There are no defined or designed departments. Thus, the information does not exist, despite good faith to obtain it. If the information does not exist, Safety Trucking cannot provide it.

**D. SI. 5.** State the name and home address and phone number of each director, officer, and managing agent of SAFETY TRUCKING, LLC and their designated title/position, in calendar years 2008 through 2014.

Plaintiff's Position:   Defendant's answer is incomplete. Defendant should provide the information as to officer and managing agent, from 2008 through 2014, other than Defendant Jiatun Zheng.

Defendant's Position: There is no a board of directors of Safety Trucking, LLC. Jia Tun Zheng was and is the managing member. His information was already provided.

**F.  SI. 7.** State the dollar volume received, directly or indirectly, by SAFETY TRUCKING, LLC for its trucking services provided to other companies or individuals each year of calendar years 2008 through 2014.

**G. SI. 8.**State the name and address of the companies that retained the trucking services of SAFETY TRUCKING, LLC, in calendar years 2008 through 2014.

Plaintiff's Position on SI. 7-8: The information is related to the interrelationship between the two corporate defendants, i.e. whether they were alter egos, as alleged, Safety Trucking provided services only to Win Woo, and did not received adequate considerations for its services. Defendant should provide the information.

Defendant's Position on SI. 7-8: Win Wood was Safety Trucking's major customer. Safety Trucking did occasionally provided services to other customers. Invoice payment from Norther American Daily Corp. is to be provided at the "meet and confer" meeting.

**H. SI. 9.** State when the time card (or punch card) system was first implemented in SAFETY TRUCKING, LLC.

**I.SI. 10** State when the GPS navigation systems were first installed on the trucks of SAFETY TRUCKING, LLC.

Plaintiff's Position on SI. 9-10 Defendant's answer of "does not remember the specific month and date" is evasive. Defendant has an obligation to ascertain exactly when the punch card system was implemented, where the information is within Defendant's knowledge and Defendant can ascertain the information by looking into its own record.

Defendant's Position on SI.9-10: It is impossible to provide the information that even was not available, despite good faith to obtain it. In good faith Safety Trucking conducted an investigation and checked its business records, asked Mr. Jiatun Zheng. However, Safety Trucking has not kept the record of the punch card system and the GPS navigation systems, Mr. Jia Tung Zheng remembers just that the punch card system was implemented in 2007 and the GPS navigation systems was implemented in 2010. Thus, if the information is not available, Safety Trucking is unable to provide it.

**J. SI. 11.** State with particularity the procedure and method used for monitoring and recording working hours of the truckers employed by SAFETY TRUCKING, LLC, in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involved in these procedures and state their specific responsibility.

**K. SI. 12.** State with particularity the procedure and method used for determining the hourly rate of truckers employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involved in these procedures and their specific responsibility.

**L. SI. 13.** State with particularity the procedure and method used for monitoring and recording meal and rest breaks of the truckers employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time

periods in which each procedure or method was used), and IDENTIFY all PERSONS involved in these procedures and state their specific responsibility.

<u>Plaintiff's Position on SI. 11-13.:</u> Defendant's answer is incomplete because (1) it did not provide information that before timecard system was used, how the hours were monitored and recorded (as the parentheses indicate), (2)it did not provide information as to how the hourly rate was determined at different time intervals, for example, how a fluctuating rate is used and determined (as the parentheses indicate), (3) it did not provide information as to how meal and rest breaks were monitored and recorded at different time intervals, for example, before the timecard system was used (as the parentheses indicate). Also the answer is partial untrue because no rest breaks showed on the timecards. Defendant failed to identify the person involved in the procedure, and the persons who's involved in the procedure.

<u>Defendant's Position on SI. 11-13</u> SAFETY TRUCKING identified Mr. Jiatun Zheng as the person involved in the procedure. Defendant explained the procedure and/or method in his Supplemental Response to First Set of Special Interrogatories that were the same at different time intervals. Thus, if the other information is not available, Safety Trucking cannot provide it.

**M. SI. 14.**State with particularity the procedure and method used for determining the driving routes for the truckers employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 (if different procedures or methods were used, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involved in these procedures and state their specific responsibility.

<u>Plaintiff's Position:</u> Defendant's answer that routes is determined by trucker's "common sense and experience" is evasive and untrue, because it was defendant who determined the routes and different locations where truckers should stop for delivery on a given day.

<u>Defendant's Position:</u> SAFETY TRUCKING identified Mr. Jiatun Zheng as the person involved in the procedure who shared with truckers the list of different locations where truckers should stop for delivery, but the specific driving routes to these locations were decided by the trucker who had the assignment according to his common sense and experience.

**N. SI. 15.** IDENTIFY all PERSONS who designed these procedure or methods (in reference to the interrogatory No. 11 through 14) and all PERSONS who participated in the decision making process of using the procedures or methods.

Plaintiff's Position: The answer that Jiatung Zheng is in charge of day-to-day operation is non-responsive as it did not provide information as to the persons who designed those procedures and methods.

Defendant's Position: SAFETY TRUCKING identified Mr. Jiatun Zheng as the person who was in charge of the day-to-day operations of Safety Trucking LLC and was the only person who designed those procedures and/or methods and participated in the decision making process of using the procedures or methods.

**O. SI. 16.** State the make, model, year, and number of axles of each truck owned, hired, or used by SAFETY TRUCKING, LLC in calendar years 2008 through 2014.

Plaintiff's Position: Defendant refused to provide a meaningful answer as to the model and number of axles. The information is related to Defendant's affirmative defense: Exemption. Drivers for two-axle trucks are not exempt from overtime.

Defendant's Position: Safety Trucking LLC already provided the information about the trucks used by Plaintiffs. Plaintiffs' request for all vehicle's information is over-burdening and irrelevant to the issues in the amended complaint..

**P. SI.17.** From the trucks (in reference to the previous interrogatory), state which truck (s) was/were driven by each PLAINTIFF and the time periods when the truck(s) was/were driven by PLAINTIFF.

Plaintiff's Position: Because Defendant did not fully answer the previous interrogatory, and because the answer is incomplete as Defendant did not provide the model of the truck, Plaintiffs have no way to determine the trucks driven by plaintiffs are two-axle or three.

Defendant's Position: Defendant already answered the question in its supplemental answer (#6, 7K19511, 2004; #63, 7S65333).

**Q. SI. 18.** State the check number of all checks issued to PLAINTIFFS and other trucker employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 that bears the signature of JIA JING ZHENG.

Plaintiff's Position:  Defendant's answer is evasive and non-responsive as Defendant has not produced a single check.

Defendant's Position: Plaintiffs provided an image copy of a single check with a signature that Plaintiffs alleged as Jiating Zheng's. Safety Trucking did not find any other similar checks. In good faith Safety Trucking conducted an investigation and checked its business records, asked Mr. Jiatun Zheng. However, Defendant does not have the requested.  Thus, if the information is not available, Safety Trucking cannot provide it.

**R. SI. 19.** State the name, home address, and phone number of all PERSONS who recorded the payments (of commodities sold by WIN WOO TRADING, LLC) that were collected by PLAINTIFFS and other truckers employed by SAFETY TRUCKING, LLC.

Plaintiff's Position:  Defendant's answer is evasive and unresponsive as Defendant has recorded the payments collected by plaintiffs. If Defendant still insists on providing a perjured answer, Plaintiffs will respectfully request an evidentiary hearing.

Defendant's Position: In good faith Safety Trucking conducted an investigation and checked its business records, asked Mr. Jiatun Zheng. However, Defendant does not keep the information.  Thus, if the information is not available, Safety Trucking cannot provide it.

**S.  SI.20.** State the time period(s) in which the truckers employed by SAFETY TRUCKING, LLC. were compensated with a commission when they collected payments on behalf of WIN WOO TRADING, LLC, and state with particularity how the commissions were calculated (i.e. based on percentage, number of stops, et al.)

Plaintiff's Position:  Defendant's answer is evasive and untrue as witnesses testified at some point of time they were compensated with a percentage of the payments they collected on behalf of Win Woo and their paychecks show the commissions. If Defendant still insists on providing a perjured answer, Plaintiffs will respectfully request an evidentiary hearing.

Defendant's Position: In good faith Safety Trucking conducted an investigation and checked its business records, asked Mr. Jiatun Zheng. However, Defendant does not have any information about the record of said commission.  Thus, if the information is not available, Safety Trucking cannot provide it.

**T. SI.21.** For each affirmative defense in the ANSWER, state all facts upon which the affirmative defense is based, and IDENTIFY all PERSONS who have knowledge of those facts.

Plaintiff's Position:   Defendant's answer is incomplete as Defendant only provided information relating to Affirmative Defense 1-3. Moreover, the response is insufficient as defendant is required to provide "all facts" while Defendant answered "For example," and "all PERSON" while Defendant provided only Jia Tung Zhang. Defendant should not reproduced affirmative defenses as answer to special interrogatories. In addition, the facts provided are not even related.

Defendant's Position:  Defendant has stated sufficient information in the affirmative defenses. Jia Tun Zheng is the managing member and he is the person having the relevant knowledge and he will testify in support of the affirmative defenses.

**U. SI. 22.** For each affirmative defense in the ANSWER, IDENTIFY any and all DOCUMENTS that support or tend to support the affirmative defense, and IDENTIFY all PERSONS who has each DOCUMENT.

**W.SI. 23.** With respect to YOUR response to PLAINTIFF'S Requests for Admission (which are concurrently served upon YOU), for each response that is not an unqualified admission, state with particularity all facts upon which YOUR response was based, and IDENTIFY all PERSONS who have knowledge of those facts.

Defendant's Position:  In good faith Safety Trucking already stated all facts in its response to Interrogatories No. 21-22 and named Mr. Jiatun Zheng will testify in support of all affirmative defenses.

**X. SI. 24.** IDENTIFY any and all DOCUMENTS that support or tend to support YOUR response that is not an unqualified admission (in reference to the previous interrogatory), and IDENTIFY the PERSONS who has each DOCUMENT.

Defendant's response to SI 24 are the same as follows: Mr. Jiatung  Zheng, who is the general manger of Safety Trucking LLC has the knowledge of the facts stated in the responses to Interrogatory No. [21-23] and has the deposition transcripts mentioned in the response.

Plaintiff's Position SI. 24:  Defendant's answer is evasive and non-responsive as it failed to identify responses that are not unqualified admissions failed to identify any documents. Defendant should be required to provide a full and truthful answer.

1   <u>Defendant's Position on SI 24:</u>   In good faith Safety Trucking already stated all facts in its response to

2   Interrogatories No. 21-23 and named Mr. Jiatun Zheng as main source of its information. However,

3   Defendant does not discovered any other information as of today. Jia Tun Zheng will testify in support

4   of the affirmative defenses at the trial.

# EXHIBIT A

LEON E. JEW (SBN: 219298)
JEW & ASSOCIATES
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (925) 463-3288
Fax: (925) 463-3218
Leon.Jew@dahyee.com

Attorney for Defendants
SAFETY TRUCKING LLC;
JIATUN ZHENG

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| KUANG XUAN; PEI XIONG LIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WIN WOO TRADING, LLC; SAFETY TRUCKING LLC; JIA TUN ZHENG; JIA JING ZHENG; MINDY FANG,<br><br>Defendants. | Case No. 4:14-cv-02639 KAW<br><br>**DEFENDANT SAFETY TRUCKING LLC'S SUPPLEMENTAL RESPONSE TO FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED BY PLAINTIFFS PEI XIONG LIN AND KUANG XUAN LIU** |

PROPOUNDING PARTY:  Plaintiffs PEI XIONG LIN and KUANG XUAN LIU

RESPONDING PARTY:   Defendant SAFETY TRUCKING LLC

SET NO.:            One

This is a supplemental responses to Plaintiffs' Special Interrogatory Set No One.

**INTERROGATORY NO. 1:**

State the name, home address and phone number of all former and current

EMPLOYEES of YOURS in calendar years 2008 through 2014, and state the

position, the date of employment (which mean the time during which a person worked for a company or an individual, i.e. a start and end date which covers the entire length of employment) of each EMPLOYEE.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs has no authority to ask Defendant SAFETY TRUCKING LLC to provide its' employees' information therefore it must object to Interrogatory No. 2. Plaintiffs seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiffs seeks information protected by the rights of privacy of third parties, specifically SAFETY TRUCKING LLC's current and former employees. Without authorization to release by each employee or a court order, SAFETY TRUCKING LLC is not obliged to provide the confidential information.

**INTERROGATORY NO. 3:**

For each employee identified in the interrogatory No. 2, state the pay rate, payroll periods (such as weekly, biweekly, or semimonthly), and whether the wages was made in cash or by check, in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO. 3:**

Without authorization to release by each employee or a court order, SAFETY TRUCKING LLC is not obliged to provide the confidential information described in INTERROGATORY NO. 3. Defendant SAFETY TRUCKING LLC has to object to Interrogatory No. 3 on the grounds that (1) it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (2) it seeks information protected by the rights of privacy of third parties, specifically SAFETY TRUCKING LLC's current and former employees; and (3) it purports to require SAFETY TRUCKING LLC to respond as to all pay rate received by each person who worked for SAFETY TRUCKING LLC, including all pay rate received by other employers.

**INTERROGATORY NO.4:**

State the name and function of each department or other operative unit of SAFETY TRUCKING LCC, and the name and home address of the Person who was in charge of the department/operative unit in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO.4:**

Defendant SAFETY TRUCKING LLC responds that it does not have defined or designated departments. The functions performed by employees of SAFETY TRUCKING LLC include trucking, freight hauling, sales, bookkeeping, and administration, and the number of employees change from time to time. The person in charge of trucking, freight hauling, sales, bookkeeping, and administration is Mr. JIATUN ZHENG, who is one of the defendants in this action.

**INTERROGATORY NO.5:**

State the name and home address and phone number of each director, officer, and managing agent of SAFETY TRUCKING LLC and their designated title/position, in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO.5:**

SAFETY TRUCKING LLC is a limited liability company. It does not have a board of directors. The decision maker of the company is Mr. Jiatun Zheng who is one of the defendants in this action.

**INTERROGATORY NO.6:**

State the name and home address and phone number of each shareholder of SAFETY TRUCKING LLC, and state the number of his/her shares in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO.6:**

SAFETY TRUCKING LLC is a limited liability company. It did not issue shares in calendar years 2008 through 2014. However, the company's ownership information shall be provided as soon as the protective order is issued.

**INTERROGATORY NO.7:**

State the dollar volume received, directly or indirectly, by SAFETY TRUCKING LLC for its trucking services provided to other companies or individuals each year of calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO.7:**

Defendant SAFETY TRUCKING LLC admitted that both Plaintiffs were employees. Plaintiffs have no authority to ask Defendant SAFETY TRUCKING LLC to provide confidential financial information (trade secrets) from 2008 to 2014. The interrogatory seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO.8:**

State the name and address of the companies that retained the trucking services of SAFETY TRUCKING LLC, in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs have no authority to ask Defendant SAFETY TRUCKING LLC to provide its trade secrets (customers list) unless the court so orders. The interrogatory seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. However, Win Woo Trading LLC, one of the defendants in this action, is one of the customers of SAFETY TRUCKING LLC.

**INTERROGATORY NO.9:**

State when the time card (or punch card) system was first implemented in SAFETY TRUCKING LLC.

**RESPONSE TO INTERROGATORY NO.9:**

The time card (or punch card) system was first implemented in SAFETY TRUCKING LLC in 2007. Mr. Jiatun Zheng, the general manager, does not remember the specific month and date.

**INTERROGATORY NO.10:**

State when the GPS navigation systems were first installed on the trucks of SAFETY TRUCKING LLC.

**RESPONSE TO INTERROGATORY NO. 10:**

The GPS navigation systems were first installed on the trucks of SAFETY TRUCKING LLC in 2010. Mr. Jiatun Zheng, the general manager, does not remember the specific month and date.

**INTERROGATORY NO.11:**

State with particularity the procedure and method used for monitoring and recording working hours of the truckers employed by SAFETY TRUCKING LLC. in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involves in these procedures and state their specific responsibility.

**RESPONSE TO INTERROGATORY NO. 11:**

The working hours of the truckers employed by SAFETY TRUCKING LLC were recorded by the truckers and were reported to the general manager Mr. Jiatun Zheng who supervises the daily operation and decides on procedure and/or method. The working hours of Plaintiffs' are reflected in the timecards and earning statements in the documents produced in the response to Plaintiffs' request for production.

**INTERROGATORY NO.12:**

State with particularity the procedure and method used for determining the hourly rate of truckers employed by SAFETY TRUCKING LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involves in these procedures and state their specific responsibility.

**RESPONSE TO INTERROGATORY NO. 12:**

The working hours and hourly rates of Plaintiffs' are reflected in the timecards and earning statements in the documents produced in the response to Plaintiffs' request for production. Each Plaintiff's hourly rate and rate changes were decided by General Manager Mr. Jiatun Zheng who supervises the daily operation and decides on procedure and/or method.

**INTERROGATORY NO.13:**

State with particularity the procedure and method used for monitoring and recording meal and rest breaks of the truckers employed by SAFETY TRUCKING LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involves in these procedures and state their specific responsibility.

**RESPONSE TO INTERROGATORY NO. 13:**

The truckers' meal and rest breaks were recorded by the truckers and were reported to Mr. Jiatun Zheng who supervises the daily operation and decides on procedure and/or method. The information about Plaintiffs' meal time and rest time is contained in the time cards produced in the response to Plaintiffs' request for production.

**INTERROGATORY NO.14:**

State with particularity the procedure and method used for determining the driving routes for the truckers employed by SAFETY TRUCKING LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involves in these procedures and state their specific responsibility.

**RESPONSE TO INTERROGATORY NO. 14:**

Each trucker's driving assignment was determined by the general manager Mr. Jiatun Zheng who supervises the daily operation and decides on procedure and/or method. However, the specific driving route was decided by the trucker according to his own common sense and experience.

**INTERROGATORY NO.15:**

IDENTIFY all PERSONS who designed these procedure or methods (in reference to the interrogatory No. 11 through 14) and all PERSONS who participated in the decision making process of using the procedures or methods.

**RESPONSE TO INTERROGATORY NO. 15:**

Mr. Jiatung Zheng who was in charge of the day-to-day operations of SAFETY TRUCKING LLC and he was the only person participated in the decision making process of using the procedures or methods.

**INTERROGATORY NO.16:**

State the make, model, year, and number of axles of each truck owned, hired, or used by SAFETY TRUCKING LLC in calendar years 2008 through 2014.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiffs have no authority to ask Defendant SAFETY TRUCKING LLC to provide its trade secrets. The interrogatories seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The information about the make, model, year of the trucks that Plaintiffs operated during their employment with SAFETY TRUCKING LLC is already in the record.

**INTERROGATORY NO.17:**

From the trucks (in reference to the previous interrogatory), state which truck (s) was/were driven by each PLAINTIFF and the time periods when the truck(s) was/were driven by PLAINTIFF.

**RESPONSE TO INTERROGATORY NO. 17:**

Mr. LIN had driven the #6 truck, NISSAN, 7K19511 (YR 2004), during his employment with Safety Trucking LLC. Mr. LIU had driven the #63, NISSAN, 7S65333 (YR 2004), during his employment with Safety Trucking LLC.

**INTERROGATORY NO.18:**

State the check number of all checks issued to PLAINTIFS and other trucker employed by SAFETY TRUCKING LLC in calendar years 2008 through 2014 that bears the signature of JIA JING ZHENG.

**RESPONSE TO INTERROGATORY NO. 18:**

SAFETY TRUCKING LLC has already produced the Plaintiffs' pay records in its response to Plaintiffs' Request for Production Set No. One.

**INTERROGATORY NO. 19:**

State the name, home address, and phone number of all PERSONS who recorded payments (of commodities sold by WIN WOO TRADING, LLC) that were collected by PLAINTIFFS and other truckers employed by SAFETY TRUCKING LLC.

**RESPONSE TO INTERROGATORY NO.19:**

Defendant SAFETY TRUCKING LLC has checked its business records thoroughly and did not find any record of said payments.

**INTERROGATORY NO.20:**

State the time period(s) in which the truckers employed by SAFETY TRUCKING LLC, were compensated with a commission when they collected payments on behalf of WIN WOO TRADING, LLC, and state with particularity how the commissions were calculated (i.e. based on percentage, number of stops, et al.)

**RESPONSE TO INTERROGATORY NO.20:**

Defendant SAFETY TRUCKING LLC has checked its business records thoroughly and did not find any record of said commission.

**INTERROGATORY NO.21:**

For each affirmative defense in the ANSWER, state all facts upon which the affirmative defense is based, and IDENTIFY all PERSONS who have knowledge of those facts.

**RESPONSE TO INTERROGATORY NO.21:**

Affirmative Defense 1: According to the depositions held on October 6, 2014 and October 33, 2014, Plaintiff Pei Xiong Lin is not certain whether or not Defendant SAFETY TRUCKING LLC was his employer and is not certain whether or not Defendant JIA TUN ZHENG was his direct supervisor or manager although he received paychecks from Safety Trucking and received operational instructions from Mr. Jiatun Zheng who is the general manager of Safety Trucking and he was in charge of the daily operations of the trucking service.

Affirmative Defense 2: Plaintiffs' amended complaint and each purported cause of action contained therein are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§337-340, 343 and 474, and California Business and Professional Code §§ 16750.1 and 17208, and 29 USC §255. In the FAC Plaintiffs raised wage claims which were barred by State of Limitations. For example, Plaintiffs alleged overtime claims for the period before June 9, 2010.

Affirmative Defense 3: The living arrangements made for Plaintiffs by Safety Trucking LLC, for which LIN did not pay rent, are never mentioned in the complaint as a part of the compensation. The salary in 2010 was $11.25, not $12.50 as Plaintiffs claimed (PEI XIONG LIN Dep. 93:4-93:21 and 76:11). Plaintiff PEI XIONG LIN admitted that he reported a higher income in his tax returns than what he really was getting from SAFETY TRUCKING (PEI XIONG LIN Dep. 99:6-99:21).

1   Mr. Jiatun Zheng, who is the general manager of Safety Trucking LLC has the

2   knowledge of the above facts.

3   **INTERROGATORY NO.22:**

4   For each affirmative defense in the ANSWER, IDENTIFY any and all

5   DOCUMENTS that support or tend to support the affirmative defense, and state the

6   name, address, and telephone number of the PERSON who has each DOCUMENT.

7   **RESPONSE TO INTERROGATORY NO.22:**

8   Mr. Jiatun Zheng, who is the general manager of Safety Trucking LLC has the

9   knowledge of the facts stated in the response to Interrogatory No. 21 and has the

10   deposition transcripts mentioned in the response.

11   **INTERROGATORY NO.23:**

12   With respect to YOUR response to PLAINTIFF'S Requests for Admission

13   (which are concurrently served upon YOU), for each response that is not an

14   unqualified admission, state with particularity all facts upon which YOUR response

15   was based, and IDENTIFY all PERSONS who have knowledge of those facts.

16   **RESPONSE TO INTERROGATORY NO.23:**

17   Mr. Jiatun Zheng, who is the general manager of Safety Trucking LLC has the

18   knowledge of the facts stated in the response to Interrogatories No. 21-22 and has the

19   deposition transcripts mentioned in the response.

20   **INTERROGATORY NO. 24:**

21   IDENTIFY any and all DOCUMENTS that support or tend to support YOUR

22   response that is not an unqualified admission (in reference to the previous

23   interrogatory), and IDENTIFY the PERSONS who has each DOCUMENT.

24   **RESPONSE TO INTERROGATORY NO.24:**

25   Mr. Jiatun Zheng, who is the general manager of Safety Trucking LLC has the

26   knowledge of the facts stated in the response to Interrogatories No. 21-23 and has the

27   deposition transcripts mentioned in the response.

28

DATED: May 21, 2015          JEW & ASSOCIATES

Leon E. Jew
Attorney for Defendants
SAFTEY TRUCKING LLC;
JIATUN ZHENG

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

At the time of service, I, the undersigned, was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 5776 Stoneridge Mall Road, Suite 288, Pleasanton, CA 94588.

On the date listed below, I served true copies of the following document(s) described as **DEFENDANT SAFETY TRUCKING LLC'S SUPPLEMENTAL RESPONSE TO FIRST SET OF SPECIAL INTERROGATIONTORIES PROPOUNDED BY PLAINTIFFS PEI XIONG LIN AND KUANG XUAN LIU** on the interested parties in this action as follows via FAX and/or eMail:

| | |
|---|---|
| X. Young Lai<br>Law Offices of X Young Lai<br>586 N. First St., Ste 213B<br>San Jose, CA 95112<br>Ph: (408) 228-3995 | Attorney for Plaintiffs KUANG XUAN LIU and PEI XIONG LIN<br><br>VIA FAX & eMail<br>Fax: (866) 610-9505<br>Email: gagelegal@gmail.com |
| Margaret J. Grover (Bar No. 112701)<br>Katherine Kao (Bar No. 267475)<br>WENDEL, ROSEN, BLACK & DEAN LLP<br>1111 Broadway, 24th Floor<br>Oakland, California 94607-4036<br>Telephone: (510) 834-6600<br>Fax: (510) 834-1928 | Attorneys for Defendants<br>Win Woo Trading, LLC; Jia Jing Zheng; and Mindy Fang<br><br>VIA eMail only<br>Email: mgrover@wendel.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2015, at City of Pleasanton, California.

May Dong

## VERIFICATION

THIS IS TO VERIFY THAT THE CONTENT IN THE RESPONSES TO THE PLAINTIFFS' DISCOVERY REQUESTS AND THE SUPPLEMENTAL RESPONSES IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED: 05/21/2014

_Jia Tun Zheng_

JIATUN ZHENG
General Manager of Safety Trucking LLC