UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER REGARDING 8/27/2015 JOINT DISCOVERY LETTER FROM PLAINTIFFS AND WIN WOO DEFENDANTS (SPECIAL INTERROGATORIES)**<br><br>Re: Dkt. No. 72 |

On August 27, 2015, Plaintiffs and Defendants Win Woo Trading, LLC, Jia Jing Zheng, and Mindy Fang filed a joint discovery letter concerning nine special interrogatories propounded by Plaintiffs. (Joint Letter, Dkt. No. 72.)

Upon review of the joint letter, the Court finds that this matter may be resolved without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and finds that Win Woo must supplement its responses within 14 days.

## I.   BACKGROUND

On June 9, 2014, Plaintiffs Kuang Xuan Liu and Pei Xiong Lin filed this lawsuit against Defendants Win Woo Trading, LLC, Safety Trucking, LLC, and individuals Jia Jing Zheng, Jia Tun Zheng, and Mindy Fang, alleging violations of the Fair Labor Standards Act and the California Labor Code.  Plaintiffs were employed as truck drivers for Safety Trucking, which predominantly provided transport services for Win Woo.  Plaintiffs further contend that until January 2012, their wages were being partially paid by Win Woo Trading.

On February 19, 2015, Plaintiffs propounded their first set of special interrogatories via overnight mail on Win Woo.  On March 26, 2015, Win Woo responded.  Win Woo served amended responses. (Special Interrog., Joint Letter, Ex. A at 15.)

On August 27, 2015, Plaintiffs and Defendants Win Woo, LLC, Jia Jing Zheng, and Mindy Fang filed the joint letter.

## II.   DISCUSSION

### A.   Responses were timely

As a preliminary matter, Plaintiffs contend that Win Woo's responses were untimely. (Joint Letter at 2.) Defendants were served via overnight mail on February 19, 2015, and responded on March 26, 2015, but did so without verification. (Joint Letter at 1.) Defendants argue that their responses were timely, because under Federal Rule of Civil Procedure 6, the responses were not due until March 26, 2015. (Joint Letter at 2.) Rule 6(a)(1)(C) provides that, when a period is stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The Committee Notes for the 2009 Amendment supply an example:

> In determining what is the "next" day for purposes of subdivisions (a)(1)(C) and (a)(2)(C), one should continue counting in the same direction—that is, forward when computing a forward-looking period and backward when computing a backward-looking period. If, for example, a filing is due within 30 days after an event, and the thirtieth day falls on Saturday, September 1, 2007, then the filing is due on Tuesday, September 4, 2007 (Monday, September 3, is Labor Day).

Fed. R. Civ. P. 6. Thus, if the interrogatories were served on February 19, 2015, pursuant to Rule 33, Defendants would have 30 days to respond, which would be March 21, 2015. Fed. R. Civ. P. 33(b)(2). March 21, 2015, however, fell on a Saturday, so the last day of the period would be March 23, 2015. Fed. R. Civ. P. 6(a)(1)(C).

Under Rule 6(d), when service is made by mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Since, pursuant to Rule 6(a), the period expired on March 23, 2015, the last day for Defendants to timely respond was March 26, 2015. *See* Fed. R. Civ. P. 6(d). That the responses were initially unverified, but have since been verified, does not render them untimely. Accordingly, Defendants' responses were timely, and no objections were waived.

///

**B.     Special interrogatories**

Plaintiffs seek to compel supplemental responses to Special Interrogatory Nos. 8, 9, and 15-21.

### i.     Interrogatory Nos. 8 and 9

Interrogatory No. 8 seeks the names and contact information for all current and former employees who worked for Defendants between 2008 and 2014. (Special Interrog., Joint Letter, Ex. A at 7.) Interrogatory No. 9 seeks the position and dates of employment for those employees identified in response to Interrogatory No. 8. (Special Interrog. at 8.)

Defendants object to both of the interrogatories as being overbroad as to time and scope. (Special Interrog. at 7-8.) Defendants further contend that there are relevancy concerns regarding the names, contact information, and positions of Win Woo employees, because Plaintiffs were employed by Safety Trucking. (Joint Letter at 4.) Defendants also object on the grounds that these interrogatories implicate privacy concerns, but are willing to provide the names and addresses of those employees Plaintiffs identify as potential witnesses. *Id.*

Plaintiffs' position is that Win Woo employees are potential witnesses, because Win Woo and Safety Trucking once shared an office building. (Joint Letter at 3.) Plaintiffs also state that Win Woo is believed to have only approximately 20 employees and no defined departments, so it is reasonable to identify the positions of the potential witnesses. *Id.*

The Court understands that Plaintiffs are pursuing an alter ego theory that Win Woo and Safety Trucking are related or the same entity, and also claim that they were partially compensated by Win Woo as late as January 2012. Thus, while there may be some privacy concerns, the stipulated protective order that is in effect should alleviate any such concerns. Also, assuming that Plaintiffs' representation regarding Win Woo's approximate number of employees is accurate, this will not be an unduly burdensome undertaking. This interrogatory is also not overbroad as to time and scope, as one or both Plaintiffs were employed during the specified time period.

Accordingly, Defendants' objections are overruled, and Defendants must provide supplemental responses to Special Interrogatory Nos. 8 and 9 with the names, last known addresses, phone numbers, position information, and dates of employment for all current and

3

former employees that worked during the specified time period.

### ii. Interrogatory No. 15

Interrogatory No. 15 seeks income "received, directly or indirectly, by WIN WOO TRADING, LLC for sales of commodities each year of calendar years 2008 through 2014." (Joint Letter at 4.) Plaintiffs contend that this information is related to punitive damages, commissions paid to Plaintiffs and other similarly-situated truckers, and the payment of service contracts between Win Woo and Safety Trucking. *Id.*

Defendants contend that Win Woo's total income is irrelevant, because Plaintiffs' claims do not confer a right to recover punitive damages. *Id.* Further, the total income received by Win Woo is not indicative of commissions to Safety Trucking employees, because it includes amounts paid for goods delivered by other trucking companies. (Joint Letter at 5.) Instead, Defendants contend that the amounts paid for Safety Trucking are more accurately reflected in the invoices already provided. *Id.* The Court agrees. This is not a class action, punitive damages are not available, and Win Woo's income does not reflect what was paid to Safety Trucking, so Win Woo's income is not relevant to the instant proceedings. Should Plaintiffs seek income paid to Safety Trucking, they must propound an interrogatory that specifically addresses that fact. Defendants' objections are sustained, and no supplemental response is required.

### iii. Interrogatory No. 16

Interrogatory No. 16 seeks "the name, home address, and phone number of all PERSONS who recorded payments of commodities that were collected by PLAINTIFFS and other truckers employed by SAFETY TRUCKING, LLC or by WIN WOO TRADING, LLC." (Special Interrog. at 11-12) Win Woo responded by providing the last known address of Li Qing Lin, who it believed has since relocated to China. *Id.* at 12. Win Woo also objected on the grounds that any information regarding Safety Trucking's records of payments should be obtained from Safety Trucking. *Id.*

Plaintiff seeks Ms. Lin's phone number and her dates of employment. (Joint Letter at 5.) Win Woo claims to have fully responded to Interrogatory No. 16. *Id.* The Court disagrees. While Win Woo is correct in that it need not respond regarding Safety Trucking personnel, it did not

fully respond, because it failed to include Ms. Lin's last known phone number, nor did it identify any individuals who have performed those duties. If Ms. Lin still performs those duties from China, Win Woo must say so. In the event that Ms. Lin is no longer employed by Win Woo and no Win Woo employees have recorded payments of commodities collected by Plaintiffs or other truckers employed by Safety Trucking, Win Woo must affirmatively state as much. Thus, Defendants' objection is overruled and they are ordered to serve a supplemental response to No. 16.

### iv. Interrogatory Nos. 17, 18, and 19

Interrogatory No. 17 seeks all facts upon which each of Defendants' affirmative defenses is based. (Joint Letter 12.) Interrogatory No. 18 seeks the names, addresses, and phone number of all persons with knowledge of the facts in Interrogatory No. 17. (Special Interrog. at 12.) Interrogatory No. 19 asks Win Woo to identify all documents that support the affirmative defenses and the name, address, and phone number of the person who has each document. (Special Interrog. at 13.)

Defendant objects to these interrogatories on the grounds that they are compound, because Win Woo has asserted 17 affirmative defenses. (Special Interrog. at 12-13.) These interrogatories, however, are not compound simply because Defendants have chosen to assert 17 affirmative defenses. If that were true, defendants could either exhaust a plaintiff's interrogatories or, alternatively, dissuade plaintiffs from propounding this standard interrogatory, by asserting more than 25 affirmative defenses. Therefore, Defendant's objections are overruled, and Win Woo must serve supplemental responses to Special Interrogatory Nos. 17, 18, and 19.

### v. Interrogatory Nos. 20 and 21

Interrogatory No. 20 provides that "[w]ith respect to YOUR response to PLAINTIFF'S Requests for Admission (which are concurrently served upon YOU), for each response that is not an unqualified admission, state with particularity all facts upon which YOUR response was based, and IDENTIFY all PERSONS who have knowledge of those facts." (Special Interrog. at 13.)

Interrogatory No. 21 asks Win Woo to "IDENTIFY any and all DOCUMENTS that support or tend to support YOUR response that is not an unqualified admission (in reference to the

previous interrogatory), and IDENTIFY the PERSONS who has each DOCUMENT." (Special Interrog. at 13.)

Win Woo objects to both interrogatories on the grounds that they are compound, because Win Woo did not provide unqualified admissions in response to 23 requests, which would result in Plaintiffs exceeding their allotted number of interrogatories under Rule 33. *Id.* While these interrogatories could be considered compound, they are not compound for the reasons stated by Defendants, so any other objection is waived, and Win Woo must provide supplemental responses.

### III.     CONCLUSION

In light of the foregoing, Defendants must provide supplemental responses to Special Interrogatory Nos. 8, 9, 16, 17, 18, 19, 20, and 21 within 14 days of this order. No supplemental response is required for Special Interrogatory No. 15.

IT IS SO ORDERED.

Dated: September 3, 2015

KANDIS A. WESTMORE
United States Magistrate Judge