UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER REGARDING 8/31/2015 JOINT DISCOVERY LETTER FROM PLAINTIFFS AND WIN WOO DEFENDANTS (REQUESTS FOR PRODUCTION OF DOCUMENTS)**<br><br>Re: Dkt. No. 76 |

On August 31, 2015, Plaintiffs and Defendant Win Woo Trading, LLC filed a joint discovery letter concerning nine requests for production of documents propounded by Plaintiffs. (Joint Letter, Dkt. No. 76.)

Upon review of the joint letter, the Court finds that this matter may be resolved without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and finds that Win Woo must supplement its responses within 14 days.

## I. BACKGROUND

On June 9, 2014, Plaintiffs Kuang Xuan Liu and Pei Xiong Lin filed this lawsuit against Defendants Win Woo Trading, LLC, Safety Trucking, LLC, and individuals Jia Jing Zheng, Jia Tun Zheng, and Mindy Fang, alleging violations of the Fair Labor Standards Act and the California Labor Code. Plaintiffs were employed as truck drivers for Safety Trucking, which predominantly provided transport services for Win Woo. Plaintiffs further contend that until January 2012, their wages were being partially paid by Win Woo Trading.

On February 19, 2015, Plaintiffs propounded their first set of requests for production of documents via overnight mail on Win Woo. On March 26, 2015, Win Woo responded. Win Woo later served amended responses. (Def.'s Am. Resp. to Pls.' Doc. Reqs., "Def.'s Resp.," Joint

Letter, Ex. A at 16.)

On August 31, 2015, Plaintiffs and Defendant Win Woo, LLC filed the joint letter.

## II.  DISCUSSION

### A. Responses were timely

As a preliminary matter, Plaintiffs contend that Win Woo's responses were untimely. (Joint Letter at 2.) Defendant was served via overnight mail on February 19, 2015, and responded on March 26, 2015, but did so without verification. (Joint Letter at 1.) Defendant argues that its responses were timely, because under Federal Rule of Civil Procedure 6, the responses were not due until March 26, 2015. (Joint Letter at 2.) Rule 6(a)(1)(C) provides that, when a period is stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The Committee Notes for the 2009 Amendment supply an example:

> In determining what is the "next" day for purposes of subdivisions (a)(1)(C) and (a)(2)(C), one should continue counting in the same direction—that is, forward when computing a forward-looking period and backward when computing a backward-looking period. If, for example, a filing is due within 30 days after an event, and the thirtieth day falls on Saturday, September 1, 2007, then the filing is due on Tuesday, September 4, 2007 (Monday, September 3, is Labor Day).

Fed. R. Civ. P. 6.  Thus, if the interrogatories were served on February 19, 2015, pursuant to Rule 33, Defendant would have 30 days to respond, which would be March 21, 2015. Fed. R. Civ. P. 33(b)(2).  March 21, 2015, however, fell on a Saturday, so the last day of the period would be March 23, 2015. Fed. R. Civ. P. 6(a)(1)(C).

Under Rule 6(d), when service is made by mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Since, pursuant to Rule 6(a), the period expired on March 23, 2015, the last day for Defendant to timely respond was March 26, 2015. *See* Fed. R. Civ. P. 6(d). That the responses were initially unverified, but have since been verified, does not render them untimely.  Accordingly, Defendant's responses were timely, and no objections were waived.

///

///

### B. Requests for Production of Documents

Plaintiffs seek to compel supplemental responses to Request Nos. 3-7, and 17-18.

### i. Request No. 3

Request No. 3 seeks

> Any and all DOCUMENTS concerning the case filed in the Superior Court of California for the County of Alameda (JING LIANG WANG and WANMING WU vs. WIN WOO TRADING, LLC, SAFETY TRUCKING, LLC., MINDY FANG, JIA JING ZHENG, and DOES 1-25, Case No. RG12622702). This request includes but is not limited to any and all discovery requests and responses, transcripts, any and all documents were filed with the Court, any agreements and stipulations between the parties, written communications between the parties.

(Def.'s Resp. at 3.)

Plaintiffs' seek deposition transcriptions, court filings, and discovery responses from the prior litigation, which involved two former Safety Trucking employees who also performed work for Win Woo. (Joint Letter at 3.)

Defendant objects to the request on various grounds, including attorney-client privilege and the work product doctrine. *Id.* at 3-4. Without waiving its objections, Win Woo states it did not retain any documents related to that lawsuit other than the original payroll records for Mssrs. Want and Wu. *Id.* at 3. Notwithstanding, Win Woo states that it will produce the complaint(s), answer(s), court order(s), and any discovery requests and responses served in that action. *Id.* at 4. To the extent that discovery responses were redacted, that was to protect the privacy of the plaintiffs, who were former employees. *Id.* In the joint letter, Win Woo states that it did not withhold any deposition transcripts, documents filed with the court, or discovery responses. (Joint Letter at 4.) Furthermore, Win Woo did not retain any copies of documents pertaining to the prior lawsuit, and the documents produced were obtained from prior counsel. *Id.* Win Woo claims that it cannot locate the settlement agreement in the prior action, but, even if it did, it would be confidential. *Id.* at 5. Based on the foregoing, the Court has insufficient information to determine whether the settlement agreement was confidential. Nevertheless, Win Woo does not appear to have a copy of the agreement and, therefore, cannot produce it.

Plaintiffs complain that some of the documents produced were redacted, but fail to

3

articulate how those redactions are relevant. (Joint Letter at 3.)

Defendant states that the redactions to the discovery responses were necessary to protect the privacy rights of the plaintiffs from the prior lawsuit, and were limited to personnel actions and compensation paid. *Id.* at 4. Defendant cites *Alch v. Superior Court,* 165 Cal. App. 4th 1412,1432 (2008), in support of its contention that personnel records are protected by the right to privacy and that information is, therefore, properly redacted. (Joint Letter at 4-5.) As an initial matter, *Alch* was a class action lawsuit, in which the plaintiffs sought personnel records for over 40,000 members of the Writers Guild of America in an attempt obtain enough data to perform a statistical analysis to show that studios, networks, production companies and talent agencies were engaged in an industry-wide pattern and practice of age discrimination. *Id.* at 1416-17.

Here, Plaintiffs are seeking unredacted discovery responses regarding prior litigation by truckers from Safety Trucking, who were also employed by Win Woo. Moreover, while personnel records are generally protected, Plaintiffs are seeking unredacted discovery responses from prior litigation, rather than the records themselves. Even so, not all personnel records are confidential. For example, job titles, positions, and periods of employment are not afforded the same privacy protections as evaluations and discipline. *See Alch*, 165 Cal. App. 4th at 1433 (2008). Similarly, Plaintiffs are not seeking the payroll records themselves, but rather unredacted discovery responses. (Joint Letter at 3.) Plaintiffs have "demonstrated that the information requested is 'directly relevant' to their claims and 'essential to the fair resolution' of their lawsuit." *Alch*, 165 Cal. App. 4th at 1427 (2008). Thus, any invasion of privacy Mssrs. Wang and Wu may have in the unredacted responses is outweighed by Plaintiffs' interest in the relevant information.

Thus, the Court orders that the unredacted discovery responses be produced, and may be done so pursuant to the stipulated protective order currently in effect. To the extent that the discovery responses are not covered by the current protective order, the parties shall meet and confer to extend the protective order to include these documents.

Defendant, however, need only produce those documents that are in its possession. If Defendant does not have all documents from the prior litigation, Plaintiffs will have to obtain them elsewhere.

### ii. Request Nos. 4-7

Request No. 4 seeks documents "concerning or constituting the record of cash payments of commodities collected by PLAINTIFFS on YOUR behalf in calendar years 2008 through 2014." (Def.'s Resp. at 4.)

Request No. 5 seeks documents "concerning or constituting the record of cash payments of commodities collected by other truckers of SAFETY TRUCKING, LLC on YOUR behalf in calendar years 2008 through 2014." (Def.'s Resp. at 5.)

Request No. 6 seeks documents "concerning or constituting the record of check payments of commodities collected by PLAINTIFFS on YOUR behalf in calendar years 2008 through 2014." (Def.'s Resp. at 6.)

Request No. 7 seeks documents "concerning or constituting the record of check payments of commodities collected by other truckers of SAFETY TRUCKING, LLC on YOUR behalf in calendar years 2008 through 2014." (Def.'s Resp. at 7.)

In response to all four requests, Win Woo states, notwithstanding objections, that it did not believe that Plaintiffs received commissions based upon checks they collected. (Def.'s Resp. at 6-7.) This is not responsive. Furthermore, Win Woo cannot guess based on Plaintiffs' deposition testimony, paystubs, pay records that they did not receive commissions from checks collected by Win Woo, as it is very possible that Plaintiffs were unaware that they earned commissions. (*See* Joint Letter at 6.) Thus, Win Woo must examine its business records, and if it does not have responsive documents beyond those already produced, it must say so. Accordingly, Win Woo's objection that such an undertaking would be unduly burdensome is unavailing, because discovery is, by its very nature, burdensome. Moreover, these records, if they exist would be highly probative in that they would support Plaintiffs' alter ego theory.

Thus, Defendant's objections are overruled and Win Woo is ordered to serve supplemental responses to Request Nos. 4-7.

### iii. Request No. 17

Request No. 17 seeks documents "concerning or constituting the record of payments under the contracts (in reference to the previous request)." (Def.'s Resp. at 13.) The previous request—

5

Request No. 16 sought documents pertaining to service contracts with third party trucking companies. (Def.'s Resp. at 12-13.)

Defendant served only objections in response to this request, and objected on the grounds that it "seeks documents protected by the rights of privacy of third parties, specifically those individuals and companies with whom Win Woo conducts business." (Def.'s Resp. at 14.) Defendant claims that payments to third parties are not relevant, because the lawsuit concerns the relationship between Win Woo and Safety Trucking. (Joint Letter at 8.)

Plaintiffs contend that the information is relevant to show whether Win Woo contracted with other companies, and whether the services were sporadic or insignificant as compared to its contract with Safety Trucking. (Joint Letter at 7.) The Court agrees. Defendant has provided no legal authority for its position that the third party trucking companies with whom it contracts are privileged or implicate any privacy concerns that cannot be addressed by the protective order. To the extent that Defendant has responsive, non-privileged documents that contain this information, they must be produced. The Court is not requiring, however, that Win Woo create a document that provides a breakdown of the truckers or trucking companies they used.

Therefore, Defendant must supplement its response and produce any responsive, non-privileged documents. If no such documents exist, Defendant must stay so.

### iv. Request No. 18

Request No. 18 seeks documents "concerning or constituting any record of YOUR payments of wages to the truckers employed either by YOU or by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 (including but not limited to JING LIANG WANG and WANMING WU)." (Def.'s Resp. at 14.)

Plaintiffs contend that this information is necessary because several individuals were on the payrolls of both Win Woo and Safety Trucking. (Joint Letter at 8.) Win Woo's response consists entirely of objections. (Def.'s Resp. at 14.) In the joint letter, however, Win Woo states that, technically, it did not employ truckers. (Joint Letter at 8.) Additionally, Win Woo states that previously, and before the period of limitations in this action, some employees were employed by both companies. *Id.* Accordingly, Win Woo must supplement its responses and should include

6

those truckers employed during the specified period from 2008 to 2014, as opposed to restricting its response to the limitations period.  Win Woo need not, however, produce records regarding those truckers solely employed by Safety Trucking.  Thus, if Win Woo did not employ truckers during the specified time period, stating as much would constitute a sufficient response.

### III.   CONCLUSION

In light of the foregoing, Defendants must provide supplemental responses to Request Nos. 3-7, and 17-18 within 14 days of this order.

IT IS SO ORDERED.

Dated: September 10, 2015

*[signature]*
KANDIS A. WESTMORE
United States Magistrate Judge

7