UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER REGARDING 1/22/16 JOINT LETTER - REQUESTS FOR ADMISSION**<br><br>Re: Dkt. Nos. 99, 107 |

On January 15, 2016, Plaintiffs and Defendants Safety Trucking, LLC and Jiatun Zheng filed a joint letter regarding requests for admission propounded by Plaintiffs to Safety Trucking. (Dkt. No. 99.)  That same date, the parties filed two additional joint letters that addressed other discovery devices.

At the January 19, 2016 case management conference, the Court ordered the parties to meet and confer and submit amended joint letters with the requests and responses attached as exhibits. (1/19/16 Am. Minute Entry, Dkt. No. 112.)

On January 22, 2016, the parties submitted an amended joint letter, in which Plaintiff seeks an order compelling Safety Trucking's supplemental responses to Requests for Admission Nos. 7, 8, and 11-14. (Joint Letter, Dkt. No. 107.)

There are three possible responses to requests for admission: admit, deny, or the responding party lacks sufficient information to admit or deny.  Additionally, Federal Rule of Civil Procedure 36 requires that

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it **has made reasonable inquiry and**

**that the information it knows or can readily obtain is insufficient to enable it to admit or deny.**

Fed. R. Civ. P. 36(a)(4)(emphasis added). In answering, a party must conduct a reasonable inquiry from persons and documents within the responding party's relative control. Despite this obligation, Safety Trucking failed to properly respond to any of the requests at issue.

Perhaps more troubling, Defendants appear to confuse Safety Trucking's corporate knowledge—which includes the collective knowledge of all of its employees, agents, and counsel, including Jiatun Zheng, as well as information contained in its records— with Jiatun Zheng's individual knowledge. For example, Request No. 21 asks Safety Trucking to admit that a certain document is genuine. (Joint Letter at 3.) In response, Safety Trucking denied the request because Jiatun Zheng was unable to verify that the original of the copy produced was genuine. *Id.* In the joint letter, Defendants elaborated that Jiatun Zheng could not verify the document, because he does not speak, read, or write English. *Id.* This is wholly insufficient, as Safety Trucking had an obligation to conduct a reasonable inquiry that was clearly not undertaken. Since corporate knowledge is greater than that of an individual, Mr. Zheng's willingness to undergo deposition does not excuse Safety Trucking from fully responding to Plaintiffs' written discovery.

In addition, it has been brought to the Court's attention that Jia Jing Zheng, who is affiliated with Win Woo, may have signed checks drawn on Safety Trucking's corporate bank account, and may be a signatory on that account. (*See* Decl. of X. Young Lai, Dkt. No. 109-1 ¶ 6.) If true, facts known to Jia Jing Zheng, and possibly other Win Woo defendants, may constitute Safety Trucking's corporate knowledge necessary to respond to some of the requests for admission at issue. The Court is concerned that the representations made by counsel that the two corporate entities are completely separate may be false. If so, the Court may impose sanctions sua sponte against any party that has made false representations to the court, including any made in the filing of a dispositive motion. The sanctions may be monetary or terminating in nature.

Accordingly, the Court GRANTS Plaintiffs' request to compel supplemental responses to Requests for Admission Nos. 7, 8, and 11-14. Safety Trucking shall serve amended responses on or before **February 19, 2016**. The Court declines to impose sanctions on Defendants at this juncture. Instead, the undersigned will consider whether sanctions are appropriate in connection

1  with Plaintiffs' pending motion for sanctions. (*See* Dkt. No. 128.)

2  IT IS SO ORDERED.

3  Dated: February 16, 2016

4  _____
KANDIS A. WESTMORE

5  United States Magistrate Judge