UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER REGARDING 1/22/16 JOINT DISCOVERY LETTER - SPECIAL INTERROGATORIES**<br><br>Re: Dkt. Nos. 100 & 108 |

　　　　On January 15, 2016, Plaintiffs and Defendants Safety Trucking, LLC and Jiatun Zheng filed a joint letter regarding special interrogatories propounded by Plaintiffs to Safety Trucking. (Dkt. No. 100.)  That same date, the parties filed two additional joint letters that addressed other discovery devices.

　　　　At the January 19, 2016 case management conference, the Court ordered the parties to meet and confer and submit amended joint letters with the discovery devices and responses attached as exhibits. (1/19/16 Am. Minute Entry, Dkt. No. 112.)

　　　　On January 22, 2016, the parties submitted an amended joint letter, in which Plaintiffs seek an order compelling Safety Trucking's supplemental responses to Special Interrogatory Nos. 2, 3, 7, 8, 12, and 18-20. (Joint Letter, Dkt. No. 108.)

### I.　　DISCUSSION

　　　　As an initial matter, Defendants again confuse Safety Trucking's corporate knowledge— which includes the collective knowledge of all of its employees, agents, and counsel, including Jiatun Zheng, as well as information contained in its records— with Jiatun Zheng's individual knowledge.  Since corporate knowledge is greater than that of an individual, Mr. Zheng's willingness to undergo deposition does not excuse Safety Trucking from fully responding to

Plaintiffs' written discovery. Furthermore, it appears that at least one defendant affiliated with Win Woo, namely Jia Jing Zheng, signed checks drawn on one of Safety Trucking's corporate bank accounts. Therefore, information known to him constitutes Safety Trucking's corporate knowledge, and must be included in any supplemental response.

### A. Special Interrogatory No. 2

Special Interrogatory No. 2 seeks the name and contact information for all current and former Safety Trucking employees from 2008 to 2014, as well as the position and dates of employment. (Joint Letter at 1.) Safety Trucking produced a list of names and phone numbers, as well as the W-2s, which included the last known address of each employee. *Id.* Plaintiff contends that this is not sufficient, because they received only nine phone numbers. *Id.* Safety Trucking claims that it responded fully, as Jiatun Zheng did not keep a record of former employees' phone numbers. *Id.*

Safety Trucking must provide a supplemental response in which it responds based on its corporate knowledge rather than Jiatun Zheng's individual knowledge. This requires Safety Trucking to conduct a reasonable inquiry from persons and documents within its relative control, and produce all information obtained from those souces.

### B. Special Interrogatory No. 3

Special Interrogatory No. 3 seeks, for each employee identified in response to Interrogatory No. 2, "the pay rate, payroll periods (such as weekly, biweekly, or semimonthly), and whether the wages was made in cash or by check, in calendar years 2008 through 2014." (Joint Letter at 1.) In response, Safety Trucking stated that "[e]ach employee's pay rate was changed from time to time. Safety Trucking has provided each employees' W-2 on 11/02/2015 (Pages 1339 -1402)." *Id.* This is insufficient, as W-2s do not necessarily provide all of the information sought. For example, a W-2 does not include an employee's pay rate.

Accordingly, Safety Trucking must provide a supplemental response, which answers the interrogatory propounded, and does so based on its corporate, rather than Jiatun Zheng's individual, knowledge.

///

#### C.     Special Interrogatory No. 7

Special Interrogatory No. 7 asks Defendant to "[s]tate the dollar volume received, directly or indirectly, by SAFETY TRUCKING, LLC for its trucking services provided to other companies or individuals each year of calendar years 2008 through 2014." (Joint Letter at 2.)  In response, Safety Trucking stated that "Win Wood (sic) was Safety Trucking's major customer. Safety Trucking did occasionally provided (sic) services to other customers such as North American Dairy Corp." *Id.*  This is wholly nonresponsive.  Since it appears that Jia Jing Zheng's knowledge is imputed to that of Safety Trucking, this interrogatory should provide the information requested as it relates to Win Woo. Information regarding North American Dairy, and others, should be provided to the extent that the information is available after a reasonable inquiry is undertaken.

#### D.     Special Interrogatory No. 8

Special Interrogatory No. 8 seeks the names and addresses of all companies that used Safety Trucking's trucking services between 2008 and 2014. (Joint Letter at 3.)  In response, Safety Trucking again stated that "Win Wood (sic) was Safety Trucking's major customer. Safety Trucking did occasionally provided (sic) services to other customers such as North American Dairy Corp." *Id.* This is also insufficient.  Safety Trucking is required to supplement its response to identify all companies that used its services during the relevant time period, and must do so based on its corporate knowledge after a reasonable inquiry is undertaken.

#### E.     Special Interrogatory No. 12

Special Interrogatory No. 12 asks Safety Trucking to explain "the procedure and method used for determining the hourly rate of truckers employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 (if different procedures or methods were used during different time periods, please also specify the time periods in which each procedure or method was used), and IDENTIFY all PERSONS involved in these procedures and their specific responsibility." (Joint Letter at 3.)  In response, Safety Trucking states that Jiatun Zheng is the manager and the person responsible for determining the hourly rate, which was adjusted from time to time based on three non-exhaustive factors, but that none of the employees were paid lower than minimum wage. (Joint Letter at 3-4.)  Plaintiff argues that this is nonresponsive, particularly in light of Win Woo's

3

argument that the truckers were paid based on a fluctuating hourly rate. *Id.* at 4.  The Court agrees. Safety Trucking is ordered to supplement its response and to do so based on its corporate knowledge, rather than that of Jiatun Zheng individually.

### F. Special Interrogatory No. 18

Special Interrogatory No. 18 seeks "the check number of all checks issued to PLAINTIFFS and other trucker employed by SAFETY TRUCKING, LLC in calendar years 2008 through 2014 that bears the signature of JIA JING ZHENG." (Joint Letter at 4.)  In response, Safety Trucking states that Plaintiff produced a check with a signature that they alleged was Jia Jing Zheng's, but that it could not find any checks that bore a similar signature. *Id.*  This response is impertinent at best.  Since Jia Jing Zheng's knowledge appears to be part of Safety Trucking's corporate knowledge, Safety Trucking must supplement and conduct a reasonable inquiry and find copies all checks that are available to it.  Jia Jing Zheng can then review those checks and identify his own signature without regard for the exemplar provided by Plaintiffs.  Safety Trucking must identify the person(s) who recorded the payments collected by Plaintiffs, not someone who did not.

### G. Special Interrogatory No. 19

Special Interrogatory No. 19 asks Defendant to "[s]tate the name, home address, and phone number of all PERSONS who recorded the payments (of commodities sold by WIN WOO TRADING, LLC) that were collected by PLAINTIFFS and other truckers employed by SAFETY TRUCKING, LLC." (Joint Letter at 5.)  In response, Safety Trucking only identified Jiatun Zheng, and stated that "he did not pay the alleged commission and he has no record of the alleged commission." *Id.*  As the information sought is likely imputed on Safety Trucking, Safety Trucking must supplement and answer according to its corporate knowledge.

### H. Special Interrogatory No. 20

Special Interrogatory No. 20 asks Defendant to "[s]tate the time period(s) in which the truckers employed by SAFETY TRUCKING, LLC. were compensated with a commission when they collected payments on behalf of WIN WOO TRADING, LLC, and state with particularity how the commissions were calculated (i.e. based on percentage, number of stops, et al.)." (Joint Letter at 5.)  In response, Safety Trucking again only identified Jiatun Zheng, and stated that "he

did not pay the alleged commission and he has no record of the alleged commission." *Id.*

Plaintiffs argue that Safety Trucking's voluminous document production included a record of cash payments collected by Plaintiffs on behalf of Win Woo, which showed that the commissions paid was 0.06% of the cash collected. (Joint Letter at 6.) In opposition, Safety Trucking contends that it "replied properly," because it provided trucking services and instructed its drivers to follow customer instructions. *Id.* This is again insufficient and impertinent, particularly in light of the production of a record concerning the cash payments collected. Safety Trucking must supplement its response and answer based on its corporate knowledge, rather than Jiatun Zheng's individual knowledge or lack thereof.

## II. CONCLUSION

In light of the foregoing, Safety Trucking is ordered to furnish supplemental responses to Special Interrogatory Nos. 2, 3, 7, 8, 12, and 18-20 on or before March 4, 2016.

The Court again declines to impose sanctions on Safety Trucking and Jiatun Zheng at this juncture. (*See* Dkt. No. 130.) Instead, the undersigned will consider whether sanctions are appropriate in connection with Plaintiffs' pending motion for sanctions. (*See* Dkt. No. 128.)

IT IS SO ORDERED.

Dated: February 17, 2016

KANDIS A. WESTMORE
United States Magistrate Judge