UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>        Defendants. | Case No.  14-cv-02639-KAW<br><br>**ORDER REGARDING 1/22/16 JOINT DISCOVERY LETTER - REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. Nos. 98, 101, 106 |

        On January 15, 2016, Plaintiffs filed a joint letter regarding the requests for production of documents, in which Defendants Safety Trucking, LLC and Jiatun Zheng did not participate. (Dkt. No. 98.)  That same day, an amended joint letter was filed. (1/15/16 Letter, Dkt. No. 101.)  The parties filed two additional joint letters that addressed other discovery devices.

        At the January 19, 2016 case management conference, the Court ordered the parties to meet and confer and submit amended joint letters with the requests and responses attached as exhibits. (1/19/16 Am. Minute Entry, Dkt. No. 112.)

        On January 22, 2016, the parties submitted a second amended joint letter, in which Plaintiffs seek to compel the supplemental production of documents in response to Requests for Production Nos. 3, 5, 7-9, 11, 12-14, 16-20, and 22-27.

## I.    DISCUSSION

        As an initial matter, Defendants continue to confuse Safety Trucking's corporate knowledge—which includes the collective knowledge of all of its employees, agents, and counsel, including Jiatun Zheng, as well as information contained in its records— with Jiatun Zheng's individual knowledge.  Since corporate knowledge is greater than that of an individual, Mr. Zheng's willingness to undergo deposition does not excuse Safety Trucking from fully responding

to Plaintiffs' written discovery.  Furthermore, it appears that at least one defendant affiliated with

Win Woo, namely Jia Jing Zheng, signed checks drawn on one of Safety Trucking's corporate

bank accounts. Therefore, information known to him constitutes Safety Trucking's corporate

knowledge, and must be included in any supplemental response.  Given the clear confusion

regarding the scope of knowledge, Safety Trucking must supplement each response to clearly state

that it has performed a reasonable inquiry and answers based on its corporate knowledge, rather

than Jiatun Zheng's individual knowledge.  The Court also notes that Jiatun Zheng claims to not

speak, read, or write English, so any reasonable inquiry into existing documents must include

individuals who do or the necessary translation services to enable Zheng to fully respond.

**A.    Request No. 3**

Request No. 3 seeks

> Any and all DOCUMENTS concerning the case filed in the Superior Court of California for the County of Alameda (JING LIANG WANG and WANMING WU vs. WIN WOO TRADING, LLC, SAFETY TRUCKING, LLC, MINDY FANG, JIA JING ZHENG, and DOES 1-25, Case No. RG12622702). This request includes but is not limited to any and all discovery requests and responses, transcripts, any and all documents were filed with the Court, any agreements and stipulations between the parties, written communications between the parties.

(Joint Letter at 1.)  Defendants contend that they produced a CD, which contained all documents

obtained from Safety Trucking's former counsel, and that it does not have any other documents.

To the extent that Defendants have produced all documents in its possession, they have fulfilled

their discovery obligation.  That said, Safety Trucking must supplement so that it is answering

based on its corporate knowledge.

**B.    Request Nos. 5, 7-9, 19-20**

Requests Nos. 5, and 7-9 seek documents relating to the collection of cash and check

payments collected by truckers employed by Safety Trucking, as well as documents that record the

commissions paid to truckers and Plaintiffs between 2008 and 2014 (also referred to as "the

relevant time period"). (Joint Letter at 1-2.)  Request Nos. 19 and 20 seek documents pertaining to

commissions paid to truckers and Plaintiffs for the collection of payments of commodities

between 2008 and 2014. (Joint Letter at 2.)  Defendants responded that they produced all records

United States District Court
Northern District of California

in September 2015, and have no other responsive documents. *Id.*

Plaintiffs contend that Defendants are being disingenuous, because they found records of cash payments collected by Plaintiffs on behalf of Win Woo Trading, LLC. (Joint Letter at 2-3.) Furthermore, Plaintiffs' pay stubs indicate that commissions were paid. (Joint Letter at 3, Ex. C at 1.)

In opposition, Defendants contend that Jiatun Zheng searched all of his records, such that the documents produced constitute all responsive documents. (Joint Letter at 3.)  For the first time, in the most recent joint letter, Defendants contend that several boxes of records disappeared in June 2013 during Safety Trucking's move to its current address, and that the truckers involved in the move may be responsible for the loss. *Id.*  Notably, the purported theft was not raised in the January 15, 2016 joint letter.  (*See generally* Dkt. No. 101.)

Defendants then claim that offering Jiatun Zheng for deposition to explain the business operations is sufficient to meet their discovery obligations. (Joint Letter at 3.)  It is not.  As stated above, there is a difference between individual and corporate knowledge. Thus, producing a reticent individual for deposition is not tantamount to fully responding to written discovery.

Notwithstanding, the Court cannot compel Defendants to produce documents that do not exist.  The Court will not, however, take counsel's word in a joint letter that the documents do not exist.  Therefore, Jiatun Zheng is ordered to file a declaration under penalty of perjury, which addresses the items stolen during the June 2013 relocation, including the old and new addresses, and when he realized that items and documents were missing.  Additionally, insurance claims, police reports, and/or any other documents concerning the alleged theft should be attached as exhibits to the declaration. The declaration provided should be in Jiatun Zheng's native language, and be accompanied by a certified, English translation by a court-certified interpreter.  Failure to furnish this declaration may result in an adverse inference jury instruction for spoliation of evidence.

Additionally, Defendants are ordered to perform another review of their documents and produce any documents responsive to these requests.  This review must be conducted by individuals who speak, read, and write English and Chinese as necessary to conduct a thorough

and meaningful review.

**C.     Request No. 11**

Request No. 11 seeks all records concerning the hours Plaintiffs worked between 2008 and 2014. (Joint Letter at 3-4.)  Defendants responded that they have already produced all records. (Joint Letter at 4.)  In the joint letter, Plaintiff specifically seeks the log books, and, if Safety Trucking does not have them, requests the name and address of the company that produced them, so that they can be subpoenaed. *Id.*  Defendants contend that they have fully responded, because, in practice, the log books are kept by the drivers. *Id.* To the extent that Safety Trucking has log books regarding Plaintiffs' working hours during the relevant time period, those must be produced.  If Safety Trucking does not have any log books, their obligation has been satisfied.

Notwithstanding, Safety Trucking must supplement its response so that it is apparent that it is answering based on its corporate knowledge rather than Jiatun Zheng's individual knowledge.

**D.     Request Nos. 12, 14, 16, 17, 18, 22**

Request Nos. 12, 14, and 16 seek employment records for truckers other than Plaintiffs. (Joint Letter at 5.)  Safety Trucking states that it has produced all records that can be found. Safety Trucking must, however, supplement and answer based on its corporate knowledge.

Request Nos. 17, 18, and 22 seek documents regarding Plaintiffs' and other truckers' rest and meal breaks. (Joint Letter at 6.) In response, Safety Trucking states that the truckers controlled their own rest breaks, and only reported their breaks on their timecards, but did not provide records, such that there are no records other than those that have already been produced. *Id.* Safety Trucking must supplement to ensure that it is answering pursuant to its corporate knowledge.  If there are no other records, then Safety Trucking's obligation has been satisfied.

**E.     Request No. 13**

Request No. 13 seeks documents "concerning or constituting the record of compensation of each PLAINTIFF in calendar years 2008 through 2014, including but not limited to payroll records, copies of all checks issued to each PLAINTIFF." (Joint Letter at 4.)  In response, Safety Trucking claimed to have produced all "available" records. *Id.*  Now, Plaintiffs seek to compel copies of all paychecks, including those they claim were signed by Win Woo's Jia Jing Zhang,

which may be obtained from Safety Trucking's bank. (Joint Letter at 5.)  Safety Trucking claims to have already produced all business checks received from its bank. *Id.*  Safety Trucking does not state that it requested copies of all checks written from its accounts between 2008 and 2014. Thus, Safety Trucking must supplement its responses, and produce copies of all checks issued to Plaintiffs during the relevant time period.

### F.    Request No. 23

Request No. 23 seeks "all DOCUMENTS concerning or constituting the contracts (including but not limited to service contracts, rental agreements, partnership agreements) between WIN WOO TRADING, LLC and SAFETY TRUCKING, LLC in calendar years 2004 through 2014." (Joint Letter at 7.)  Safety Trucking produced copies of contracts from 2011 and 2014, which Plaintiff claims are not legible, but does not have any other documents to produce.  *Id.*  Safety Trucking must conduct another search of its records, which, given the broader scope of its corporate knowledge, is likely to be more fruitful.  Additionally, Safety Trucking must provide legible copies of documents produced.  If, after another search, Safety Trucking does not have copies of the contracts, then its discovery obligation is satisfied.

### G.    Request No. 24

Request No. 24 seeks contracts between Safety Trucking and companies other than Win Woo between 2004 and 2014. (Joint Letter at 8.)  Safety Trucking did not produce any documents, because it claims that it has none. *Id.*  Safety Trucking again claims that several boxes of records were lost during the June 2013 move. *Id.*

Safety Trucking must, however, supplement its response to ensure that it has answered based on its corporate knowledge, rather than Jiatun Zheng's individual knowledge.  To the extent that documents, or copies of documents, may be in the custody of others, those documents should be reasonably obtainable by Safety Trucking and must be produced.

### H.    Request No. 25

Request No. 25 seeks "all DOCUMENTS concerning or constituting the record of payments of trucking services made by WIN WOO TRADING, LLC to SAFETY TRUCKING, LLC in calendar years 2004 through 2014." (Joint Letter at 8.)  In response, Safety Trucking

United States District Court
Northern District of California

5

1  contends that it has already produced all documents in its possession. *Id.*

2       Again, Safety Trucking must supplement its response to ensure that it has answered based

3  on its corporate knowledge, rather than Jiatun Zheng's individual knowledge.  To the extent that

4  documents are available to Safety Trucking based on its corporate knowledge and the crossover in

5  personnel with Win Woo, those documents must be produced.

6      **I.    Request No. 26**

7       Request No. 26 seeks "all DOCUMENTS concerning or constituting the record of

8  payments of trucking services made by companies other than WIN WOO TRADING, LLC to

9  SAFETY TRUCKING, LLC in calendar years 2004 through 2014." (Joint Letter at 9.)  In

10  response, Safety Trucking states that Win Woo is its major customer, such that "[a]lmost all trucks

11  . . . were booked by Win Woo Trading LLC. Except the documents already produced, Safety

12  Trucking LLC does not have any other requested records." *Id.*  Plaintiff contends that Safety

13  Trucking only produced one document that showed a payment of $240 from one business other

14  than Win Woo, and that if documents have been lost or destroyed, Safety Trucking should have to

15  so state. *Id.*  The Court agrees.  Safety Trucking must supplement its response and answer based

16  on its corporate knowledge. Further, if documents were lost or destroyed, that information must be

17  stated.

18      **J.    Request No. 27**

19       Request No. 27 seeks "all DOCUMENTS concerning or constituting the corporate minutes

20  of SAFETY TRUCKING, LLC in calendar year 2004 through 2014." (Joint Letter at 9.)  In

21  response, Safety Trucking states that it "does not have the requested corporate minutes in calendar

22  year 2004 through 2014." (Joint Letter at 10.)  Plaintiff argues that Safety Trucking must explain

23  the reason it does not have corporate minutes. *Id.*  In opposition, Safety Trucking explains that it is

24  a very small business managed by Jiatun Zheng, who does not read or write English. *Id.* Further,

25  because the company is small, it does not have board meeting minutes as requested. *Id.*

26       Safety Trucking's response is insufficient and its explanation is unavailing.  First, Safety

27  Trucking does not answer the question.  It does not say that there were no board meetings or that

28  there were meetings but minutes were not taken.  Rather, it states that it simply does not have the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  minutes requested.  Second, as discussed above, Safety Trucking's corporate knowledge is greater

2  than Jiatun Zheng's personal knowledge.  Thus, the fact that Jiatun Zheng does not speak English

3  does not mean that the documents do not exist, as they could be in Chinese. Alternatively, Jiatun

4  Zheng may not have located the responsive documents, because they are in English.

5       Accordingly, Safety Trucking must supplement its response and fully respond based on its

6  corporate knowledge and produce any documents reasonably available or known to its employees,

7  agents, or counsel.

8  **II.    CONCLUSION**

9       For the reasons set forth above, Safety Trucking is ordered to supplement its responses to

10  Requests for Production Nos. 3, 5, 7-9, 11, 12-14, 16-20, and 22-27 on or before March 4, 2016,

11  and must answer based on its corporate knowledge.  Safety Trucking must conduct another search

12  of its documents.  Since Jiatun Zheng does not speak, read, or write English, he must be assisted in

13  this undertaking by at least one individual who does.  If responsive documents are believed to

14  have been lost, Safety Trucking must state that fact in response to each applicable request.

15       Additionally, Jiatun Zheng is ordered to submit a declaration, as set forth above, on or

16  before March 4, 2016.

17       The Court again declines to impose sanctions on Safety Trucking and Jiatun Zheng at this

18  juncture. (*See* Dkt. No. 130.)  Instead, the undersigned will consider whether sanctions are

19  appropriate in connection with Plaintiffs' pending motion for sanctions. (*See* Dkt. No. 128.)

20       IT IS SO ORDERED.

21  Dated: February 17, 2016

22                                 KANDIS A. WESTMORE

23                                 United States Magistrate Judge

24

25

26

27

28