UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SUBPOENA DUCES TECUM; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 92 |

On January 11, 2016, Defendants Safety Trucking, LLC and Jiatun Zheng filed a motion to quash Plaintiffs' third party subpoenas served on East West Bank and Mark J. Bluer. (Defs.' Mot., Dkt. No. 92.)

On February 18, 2016, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court DENIES Defendants' motion to quash, and issues an ORDER TO SHOW CAUSE to attorney Leon Jew why the Court should not impose sanctions sua sponte under Federal Rule of Civil Procedure 11(c)(3).

## I. BACKGROUND

On January 4, 2016, Plaintiffs emailed defense counsel copies of the third party subpoenas to be served on East West Bank and Mark J. Bluer. (Defs.' Mot. at 1; Decl. of Leon E. Jew, "Jew Decl.", Dkt. No. 92-1 ¶ 2, Exs. B & C.) On January 5, 2016 and January 7, 2016, respectively, Plaintiff served the third parties with the subpoenas. (Suppl. Decl. of X. Young Lai, "Suppl. Lai Decl.," Dkt. No. 114 ¶¶ 2-3, Exs. A & B.) The subpoenas commanded the third parties to produce documents on January 20, 2016. *See ids.* Fact discovery closed on January 8, 2016. (Am. Case Management Or., Dkt. No. 90 at 1.)

On January 11, 2016, Defendants filed a motion to quash. (Defs.' Mot., Dkt. No. 92.) On

1  January 25, 2016, Plaintiffs filed an opposition. (Pl.'s Opp'n, Dkt. No. 109.)  On February 1,
2  2016, Defendants filed a reply. (Defs.' Reply, Dkt. No. 110.)
3  On February 9, 2016, the Court ordered Plaintiffs to file a supplemental declaration with the
4  proofs of service attached as exhibits. (Dkt. No. 113.)  On February 10, 2016, Plaintiffs filed the
5  supplemental declaration. (Suppl. Lai Decl., Dkt. No. 114.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 allows any party to serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C).  Subpoenas are also subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are "nonprivileged [and] . . . relevant to a party's claim or defense." *Soto v. Castlerock Farming & Transp., Inc.*, 1:09-CV-00701 AWI, 2011 WL 2680839, at *7 (E.D. Cal. July 8, 2011), quoting Fed. R. Civ. P. 26(b)(1).

In California, federal courts interpret Rule 45 as setting forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas. *See F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999).  Pre-trial discovery subpoenas include requests for the production and inspection and books, documents, and tangible items. *See* Fed. R. Civ. P. 26(a)(5) (Parties may obtain discovery by requesting production of documents or things under Rule 45(a)(1)(C), for inspection and other purposes).  Trial subpoenas, on the other hand, include requests for attendance at a hearing or trial, and may be used in narrow circumstances to secure documents. *See* Fed. R. Civ. P. 45(a)(1)-(2)(A); *see also Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, 1 (E.D. Pa. 1997) (trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation); *Rice v. United States*, 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995) (trial subpoenas may be used to ensure availability at trial of original documents previously disclosed by discovery).  Generally, requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period. *See Integra Lifesciences*, 190 F.R.D. at 561-62.

///

### III. MOTION TO QUASH

**A. The subpoenas were timely.**

It is undisputed that the subpoenas were served on nonparties before the discovery cut off. (*See* Defs.' Mot. at 2.) Defendants contend, however, that they are untimely, because the date for performance was on January 20, 2016, which was after the January 8, 2016 cut-off. *Id.* "Many courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period." *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006) (citing *Rice*, 164 F.R.D. at 557-59 (subpoenas duces tecum for particular records, issued to third parties after close of discovery, were quashed as improper attempt to engage in discovery after discovery cut-off)). These subpoenas, however, were served prior to the close of discovery. That performance would occur after the cut off does not render the subpoenas untimely.

**B. Defendants have not demonstrated privacy.**

Defendants claim that Plaintiffs' subpoenas seek highly sensitive documents, including bank records, checks, and Forms 1099, from East West Bank, which implicates privacy concerns. Under California law, the privacy rights of businesses are accorded less weight than that of individuals. *Saca v. J.P. Molyneux Studio Ltd.*, CIV S06-2818 MCE EFB, 2008 WL 62181, at *4 (E.D. Cal. Jan. 4, 2008). The Court notes that the parties have a stipulated protective order in effect, which ameliorates some of those concerns. *See Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011) (quoting *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 284 (C.D. Cal. 1998)) (party's interest in the confidentiality of its financial information can be adequately addressed via a protective order); *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 38 (1994) ("[P]rivacy concerns" "are assuaged if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know."). The Court notes that Safety Trucking's document production, which sought the same documents now being subpoenaed, was not complete. In fact, Defendants previously represented that they had already produced all documents that were "available," because boxes of records had disappeared when they relocated to their current office in June 2013. (Dkt. No. 106 at 3.)

Additionally, Defendants argue that the subpoena to Mark J. Bluer, a former attorney, requesting "highly sensitive documents concerning written communications between the parties, among others, also raises concerns of attorney-client privilege and confidentiality issues." (Defs.' Mot. at 4.) In opposition, Plaintiff states that Mr. Bluer represented the plaintiffs in a prior case against Win Woo and Safety Trucking, so Defendants cannot invoke attorney-client privilege. (Pl.'s Opp'n at 3; Decl. of X. Young Lai, "Lai Decl.," Dkt. No. 109-1 ¶ 10.) At the hearing, defense counsel acknowledged that Mr. Bluer represented Plaintiffs in the prior action, and withdrew the objection.

The Court notes that Plaintiffs first attempted to obtain the entire case file from Defendants, but the file was incomplete. (Dkt. No. 106 at 1.) Furthermore, while some documents may be protected, Defendants failed to identify which documents it believes would be privileged.

### C. No undue burden or oppression

Without elaboration, Defendants move to quash the subpoenas on the grounds that they request "highly sensitive documents" that are unduly burdensome and "unfair" to Safety Trucking. (Defs.' Mot. at 3-4.) Furthermore, Defendants claim that they will be unduly burdened and oppressed, because the subpoenas command performance after the fact discovery cutoff in violation of the case management order, which will also result in the case not progressing. (Defs.' Mot. at 4.) These arguments are unavailing. As discussed above, the fact that the performance date is after the discovery cutoff does not render the subpoenas untimely. *See* discussion *supra* Part III.A. Nor is it violative of the case management order. Moreover, the bulk of the burden in responding to the subpoenas is borne by the third parties rather than by Safety Trucking. Indeed, the Court notes that the third party entities have not moved to quash, modify or otherwise objected to the subpoenas. Furthermore, Defendants have purposefully hindered Plaintiffs' attempts to obtain the information now sought by way of subpoena, so any claims of undue burden or oppression are unpersuasive.

### IV. ORDER TO SHOW CAUSE

Perhaps more troubling, at the hearing, defense counsel appeared unaware that the motion to quash argued that the Bluer subpoena should be quashed on the grounds that it violated

4

Defendants' attorney-client privilege. Upon further questioning, counsel admitted that a law student drafted the motion, but represented that he quickly reviewed and approved the final document from his mobile phone prior to filing. Defense counsel also acknowledged that Mr. Bluer never represented his client, and, in fact, had represented the plaintiffs in a prior case. The Court does not believe that counsel read the motion prior to filing, or even in preparation for the motion hearing, because he was surprised when the privilege argument was brought to his attention, and immediately withdrew the argument. When asked by the Court why such a clearly erroneous argument was included in the motion, defense counsel had no answer, and instead apologized for wasting the Court's time.

Federal Rule of Civil Procedure 11 requires that the attorney signer certify that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that a filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Here, defense counsel's representations to the Court regarding the preparation of the motion to quash, coupled with his lack of knowledge of the arguments contained therein, indicate that the motion was filed for an improper purpose. It should also be noted that neither the motion nor Defendants' reply provide any legal authority to support the argument that the subpoenas were untimely because they required production after the fact discovery cutoff, and oddly relies on Rule 12(b)(5) in support of the motion. (Defs.' Mot. at 2, 4; Defs.' Reply at 2.) Defendants' positions taken during discovery suggest that this motion is the latest effort to harass in an attempt to deprive Plaintiffs of their day in court.

Rule 11 also requires that the attorney certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Here, Defendants never had an attorney-client relationship with Mr. Bluer, so there was no existing or nonfrivolous argument that they would enjoy attorney-client privilege.

For the reasons set forth above, attorney Leon Jew is ordered to show cause by March 4, 2016 why the Court should not impose sanctions, on him individually, sua sponte under Rule

5

1  11(c) for filing a frivolous motion to quash.

## V. CONCLUSION

In light of the foregoing, Defendants' motion to quash is DENIED. Additionally, defense counsel is ORDERED TO SHOW CAUSE on or before March 4, 2016 why the Court should not impose Rule 11 sanctions sua sponte for filing the motion to quash.

IT IS SO ORDERED.

Dated: February 18, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge