UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WIN WOO TRADING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02639-KAW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS AGAINST WIN WOO DEFENDANTS AND COUNSEL**<br><br>Re: Dkt. No. 163 |

On March 17, 2016, Plaintiffs filed a motion for sanctions against the Win Woo Defendants and their attorney of record, Margaret J. Grover, for allegedly perpetuating a fraud on the court in connection with Defendant Jia Tun Zheng's declaration in support of Defendants' motions for summary judgment. (Pls.' Mot., Dkt. No. 163 at 2.)

Plaintiffs filed the motion pursuant to Federal Rule of Civil Procedure 56(h). *Id.* Rule 56(h) permits the court to impose sanctions on a party who submitted an affidavit or declaration in support of a motion for summary judgment found to be in bad faith. Fed. R. Civ. P. 56(h). Here, Defendants withdrew their argument that Safety Trucking and Win Woo were separate businesses on March 10, 2016—seven days before the motion for sanctions was filed. (*See* Defs.' Opp'n, Dkt. No. 165 at 3.) Further, Defendants contend that they were unaware that documents existed that created a triable issue of fact regarding the separation of the businesses when the motions for summary judgment were filed. *Id.* at 2. Since Defendants withdrew their argument shortly after becoming aware that time records existed that appeared to list Win Woo as the payor, there is no finding of bad faith under Rule 56.

Alternatively, Plaintiffs may seek sanctions for the purported wrongdoing under Rule 11. Rule 11 requires that a motion for sanctions "be served under Rule 5, but it must not be filed or be

1  presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or
2  appropriately corrected within 21 days after service or within another time the court sets." Fed. R.
3  Civ. P. 11(c)(2).  Here, Defendants contend that Plaintiffs did not serve the motion on opposing
4  counsel before it was filed. (Decl. of Margaret J. Grover, Dkt. No. 165-1 ¶ 17.)  Plaintiffs do not
5  dispute this assertion, but instead contend that a meet and confer was not required because the
6  motion was filed under Rule 56(h). (Pls.' Reply, Dkt. No. 167 at 1.)  The Court disagrees.

7  At the March 8, 2016 case management conference, the Court ordered Plaintiffs to meet
8  and confer with the Win Woo Defendants prior to filing a motion for sanctions.  Pursuant to the
9  Northern District Guidelines for Professional Conduct, "[m]otions should be filed or opposed only
10 in good faith and when the issue cannot be otherwise resolved." (*See* Northern District Guidelines
11 for Professional Conduct ¶ 10.)  This requires that a party meet and confer prior to filing a motion
12 for sanctions. *See id.* at ¶ 10(a).  The Court admonishes Plaintiffs' counsel for failing to comply
13 with this court order and the district's Guidelines, but declines to impose sanctions at this time.
14 Plaintiffs are not to file any other motions prior to engaging in a good faith meet and confer effort.

15 For the reasons set forth above, Plaintiffs' motion for sanctions is DENIED.

16 IT IS SO ORDERED.

17 Dated: April 12, 2016

18 _____
KANDIS A. WESTMORE
19 United States Magistrate Judge