UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KUANG XUAN LIU, et al., | Case No. 14-cv-02639-KAW |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART WIN WOO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST KUANG XUAN LIU** |
| v. | |
| WIN WOO TRADING, LLC, et al., | |
| Defendants. | Re: Dkt. Nos. 121, 122 |

On June 9, 2014, Plaintiffs Kuang Xuan Liu and Pei Xiong Lin filed this action against Defendants Win Woo Trading, LLC, Safety Trucking, LLC, and individuals Jia Jing Zheng, Jia Tun Zheng, and Mindy Fang alleging claims including violations of the Fair Labor Standards Act and the California Labor Code.

Before the Court is Defendants Win Woo Trading, Jia Jing Zheng, and Mindy Fang's (collectively "Win Woo Defendants") motion for partial[1] summary judgment against Kuang Xuan Liu. (Defs.' Mot., Dkt. No. 121 & 122.)

On May 5, 2016, the Court held a hearing, and, after careful consideration of the parties' arguments and moving papers, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion for Partial Summary Judgment.

## I. BACKGROUND

Defendant Win Woo Trading, LLC is a grocery wholesaler and distributor that sells to Chinese restaurants. (Decl. of Jia Jing Zheng, "J. Zheng Decl.," Dkt. No. 125 ¶ 3). Defendant Jia Jing Zheng (or "Jason")[2] is the managing member of Win Woo. *Id.* at ¶ 1. Jia Jing Zheng owns a

---

[1] The Win Woo Defendants have withdrawn several arguments, such that, even if granted in full, Liu's claims would not be fully resolved.

[2] Jia Jing Zheng uses the English name of "Jason." (Defs.' Mot. at 1 n. 1.) In Liu's deposition transcript, Liu used both "Jason" and "Jackson" to refer to Jia Jing Zheng. *Id.*

1  minority interest in the company. *Id.* at ¶ 4.

2       Win Woo Trading, LLC uses Safety Trucking, LLC to transport products to its customers.

3  *Id.* at ¶ 11.  Safety Trucking is a licensed trucking company that primarily provides services to

4  Win Woo Trading, LLC. (Decl. of Jia Tun Zheng, "T. Zheng Decl.," Dkt. No. 124 ¶¶ 2, 8, 10).

5  The trucks used by Safety Trucking are owned by the company, registered in the name of Safety

6  Trucking, and operated under Safety Trucking's United States Department of Transportation

7  Number. *Id.* at ¶ 9, Ex. A.  Safety Trucking invoiced Win Woo Trading, LLC for the trucking

8  services and Win Woo paid Safety Trucking for those services. *Id.* at ¶ 11.

9       Jia Tun Zheng (or "Tun")[3] is the managing partner and majority owner of Safety Trucking.

10  *Id.* at ¶¶ 1, 3.  Jia Tun Zheng does not have an ownership interest in Win Woo Trading, LLC and

11  claims to not have any role in the management or decision making for Win Woo. *Id.* at ¶ 4.

12       Mindy Fang owns a minority interest in both Win Woo and Safety Trucking. (J. Zheng

13  Decl. ¶ 4; T. Zheng Decl. ¶ 3.)

14       Plaintiff Liu began working as a truck driver for Safety Trucking in approximately April

15  2008. (Defs.' Dep. of Kuang Xuan Liu, "Defs.' Liu Dep.," Decl. of Margaret J. Grover, Dkt. No.

16  123, Ex. C at 51:19-51:24; T. Zheng Decl. ¶ 14.)  When he was first employed as a driver,

17  Plaintiff's time was recorded on handwritten time cards. He signed the weekly timecards

18  certifying that he had accurately reflected his working hours. (T. Zheng Decl., ¶ 26, Ex. D.)  For

19  approximately three years, Plaintiff drove long distance for deliveries to Redding, California

20  approximately twice per week. (Pls.' Liu Dep. at 49:5-49:17, 51:14-52:4).  Thereafter, Mr. Liu

21  drove shorter trips and worked five or six days per week. (Pls.' Liu Dep. at 59:22-60:14).

22       Beginning in early 2012, Plaintiff began to use a time clock to record his work hours. (T.

23  Zheng Decl., ¶ 25; Defs.' Liu Dep., pp. 60:15-61:10, 178:1-179:4).  Because he was away from

24  the facility during meal periods, Plaintiff submitted handwritten records reflecting when he took

25  meal breaks. (Defs.' Liu Dep. at 29:13-29:25.)  Plaintiff signed each of his timesheets. (Defs.' Liu

26  Dep. at 65:12-16.)

27

28  [3] Jia Tun Zheng is referred to in Mr. Liu's deposition transcript as "Ah Dun," "Ah Tun," "Brother Dun," "Brother Tun" or simply "Dun" or "Tun." (Defs.' Mot. at 2 n. 2.)

Drivers were able to take breaks during deliveries when customers were verifying the contents of the delivery and getting funds to make the payment. (Defs.' Liu Dep. at 171:25-172:6).

Plaintiff remains employed as a truck driver, but has been on Workers' Compensation leave since March 18, 2014. (Pls.' Liu Dep. at 16:25-17:10).

On April 16, 2014, Plaintiffs' counsel sent a written request to Win Woo and Safety Trucking to obtain Plaintiff's personnel records. (First Am. Compl., "FAC," Dkt. No. 7, ¶ 57, Ex. A.) Win Woo's counsel requested that Plaintiffs' counsel provide a written authorization to release the personnel files. (Grover Decl. ¶ 3.) Plaintiffs' counsel asserted that his letter was sufficient verification. *Id.* On June 9, 2014, Plaintiffs Kuang Xuan Liu and Pei Xiong Lin filed this wage and hour action in federal court.

On February 11, 2016, Defendants filed a motion for summary judgment. (Defs.' Mot., Dkt. No. 121.) Plaintiffs filed a joint opposition on March 4, 2016. (Pls.' Opp'n, Dkt. No. 147.) Defendants filed a reply on March 10, 2016. (Dkt. No. 152.) On March 11, 2016, which was the last day to file a reply brief, Defendants filed an amended reply, in which they withdrew the portions of their motion for summary judgment. (Defs.' Am. Reply, Dkt. No. 154 at 2.)

On May 4, 2016, Plaintiffs filed a declaration of counsel concerning newly discovered evidence. (Dkt. No. 175.) Plaintiffs did not obtain leave to file this document, so it is stricken.

## II. LEGAL STANDARD

A party may move for summary judgment on a "claim or defense" or "part of... a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where

3

the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, it may discharge its burden of production by either (1) by "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. 324-25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment. *Anderson,* 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).

### III.   DISCUSSION

**A.   Motion for Summary Judgment**

As an initial matter, the Win Woo Defendants withdrew the portions of their motion for summary judgment which asserted that Win Woo Trading, LLC and Jai Jing Zheng were not joint

employers with Safety Trucking, LLC, as well as their arguments that summary judgment should be granted as to the Second, Third, Fourth, Fifth, and Tenth causes of action. (Defs.' Am. Reply at 2.) Accordingly, Defendants continue to assert that Mindy Fang was not a joint employer, and that summary judgment should be granted as to the First, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth causes of action. *See id.*

### i.     **Mindy Fang may have been a joint employer.**

Defendants contend that Mindy Fang was not an employer, and seek summary judgment as to all claims against her, on the grounds that she never controlled any aspect of Plaintiff's employment. (Defs.' Mot. at 12; Defs.' Am. Reply at 4.) Defendants cite to Plaintiff's deposition testimony, which suggested that he did not have personal knowledge of Fang's role in Safety Trucking. (Defs.' Mot. at 12.) Indeed, it is undisputed that during Plaintiff's employment, he did not know which role Fang played in the Safety Trucking organization. He knew that she worked in the office, but did not know what type of work she performed. (Defs.' Liu Dep. at 44:5-12.) He rarely spoke with her, she did not direct him in the performance of his duties, and he was unaware whether she had any control over his pay. (Defs.' Liu Dep. at 44:13-45:10.)

In opposition, Plaintiff contends that, despite Tun's testimony that Fang had not been involved in the company since 2008, she was signing checks on behalf of Safety Trucking in 2013. (Pls.' Opp'n at 23.) Indeed, Fang signed check number 4808 drawn on Safety Trucking's checking account at East West/United Commercial Bank, a copy of which was subpoenaed by Plaintiffs. (*See* Lai Decl. ¶ 6, Ex. E at 24.) Defendants' assertion that the signature is not authenticated is incorrect, because cancelled checks and the bank signatory cards are self-authenticating pursuant to Federal Rule of Evidence 902(9). *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004)(cancelled checks are commercial paper). Thus, Mindy Fang's status as a signatory on Safety Trucking's bank accounts, coupled with the fact that she signed a check during the statutory period, creates a factual dispute as to whether she is a joint employer.

Moreover, Plaintiff's lack of personal knowledge does not mean that Fang was not one of his employers. It is undisputed that she has a minority ownership interest in both Safety Trucking and Win Woo. (J. Zheng Decl. ¶ 4; T. Zheng Decl. ¶3.)

5

1    For the reasons set forth above, the motion for summary judgment as to Mindy Fang is
2    denied.

### ii. Alter Ego Theory

Defendants seek summary judgment on claims against the Win Woo Defendants on the grounds that they cannot be held liable as Plaintiff's employer under an alter ego theory. (Defs.' Mot. at 8-9; Defs.' Am. Reply at 4-5.)

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (internal citation omitted). Under the doctrine, "[a] corporate identity may be disregarded—the 'corporate veil' pierced—where an abuse of the corporate privilege justifies holding the [owner] of a corporation liable for the acts of the corporation." *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000). "There is a strong presumption against disregarding corporate identities and finding a person to be the alter ego of a corporation." *Tarel Seven Design, Inc. v. Magni Grp., Inc.*, 1990 WL 118290, at *4 (C.D. Cal. May 30, 1990) (citing *In re Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir.1978)). To overcome this presumption and pierce the corporate veil, a plaintiff must state sufficient facts to find "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler,* 39 Cal. 3d at 300.

The operative complaint alleges that the respective individual defendant shareholders are the alter egos of Win Woo and Safety Trucking, and contains sufficient facts that, if true, overcome the presumption against alter ego. (*See* FAC ¶ 8.) In their motion, Defendants contend that the alter ego doctrine does not apply on the grounds that the owners of Win Woo and Safety Trucking have very little overlap, the Limited Liability Companies have different managing partners, and the businesses maintain separate books and records. (Defs.' Mot. at 8.) Additionally, Defendants argue that Safety Trucking is not undercapitalized, because Safety Trucking owns the trucks used in its business and has been paying wages to its drivers since it was formed. *Id.*

Notwithstanding, Defendants have not addressed the allegations in the complaint, as they have failed to articulate how the individual defendants are not alter egos of Safety Trucking or Win Woo. (*See* Defs.' Mot. at 8.) Instead, Defendants appear to argue that Win Woo is not a corporate alter ego of Safety Trucking. *See id.* The First Amended Complaint, however, does not allege that Win Woo and Safety Trucking are corporate alter egos. Indeed, the applicable allegation is that the respective defendant shareholders of Safety Trucking (Tun and Mindy Fang) and Win Woo (Jason and Mindy Fang) are alter egos. (FAC ¶¶ 8-9.) Defendants do not address this in their motion for summary judgment, and, therefore, have not satisfied their initial burden as the moving parties. *Celotex,* 477 U.S. at 323. Thus, Plaintiff is not required to set forth specific facts to show that there is a genuine issue for trial.

Accordingly, Defendants' failure to properly discharge its initial burden precludes summary judgment on the alter ego theory of liability.

### iii. Failure to Pay Minimum Wage Under FLSA

The first cause of action is for failure to pay the minimum wage under FLSA. Defendants contend that Plaintiff's alleged monthly salary satisfied the minimum wage requirement, because his hourly rate of pay was $7.50. (Defs.' Mot. at 13.) Since July 24, 2009, the federal minimum wage has been $7.25 per hour.

In his interrogatory responses, Plaintiff claims that, during the four years period before he filed this action, he received a salary of at least $2,600 per month. (Pl.'s Interrog. Resp., Grover Decl., Ex. B at 7, 11.) As a result, Defendants argue that the FLSA formula to calculate Plaintiff's monthly salary into a weekly salary requires that the monthly rate be multiplied by 12 (months), and divided by 52 (weeks). (Defs.' Mot. at 13 (citing 29 C.F.R. § 778.113).) Thus, Plaintiff's weekly salary was $600. To calculate the regular hourly rate of pay, the weekly salary is divided by the number of hours worked. 29 C.F.R. § 778.113(b). The maximum number of hours Plaintiff claims to have worked in a given week is 80 hours. (Pl.'s Interrog. Resp. at 11.) Therefore, Defendants accurately calculated Plaintiff's lowest hourly rate of pay at $7.50.

Plaintiff fails to address how Defendants violated the FLSA minimum wage statute, other than to generally claim that Defendants, by paying a monthly salary, manipulated the pay rate and

7

hours to deprive him of overtime compensation. (Pls.' Opp'n at 6.) While Plaintiff would surely be entitled to overtime compensation if can prove that he worked 80 hours per week and only earned $600, the failure to pay overtime is a separate cause of action. Notwithstanding, Plaintiff fails to present any evidence to set forth facts that his regular rate of pay was less than the federal minimum wage of $7.25 per hour.[4]

Accordingly, Defendants' motion for summary judgment is granted as to the first cause of action for failure to pay the minimum wage under FLSA.

### iv. Sixth, Seventh, and Eleventh Causes of Action

The sixth cause of action is for the failure to furnish appropriately itemized wage statements, the seventh cause of action is for the unlawful deduction of wages, and the eleventh cause of action is for penalties under PAGA.

The Win Woo Defendants simply argue that they are not proper parties to these claims, because "it is clear that Safety Trucking furnished the wage statements, entered into the written contract to pay wages, and made any deductions from Mr. Liu's wages" and if an error were made, only Safety Trucking should be held liable. (Defs.' Mot. at 14-15.) The Court notes that Defendants seek summary judgment as to the seventh cause of action for the first time in their amended reply, so summary judgment is denied as to the seventh cause of action.

The sixth cause of action is for the failure to furnish itemized wage statements in violation of California Labor Code § 226. This section applies to employers. *See* Cal. Lab. Code 226(a). Here, Defendants conceded at the hearing that they could produce no legal authority to support the proposition that, as joint employers, they should not be held jointly liable for this statutory violation. Therefore, summary judgment is denied as to this cause of action.

The eleventh cause of action is for penalties under the Private Attorney General Act of 2004, which permits an "aggrieved employee" to bring a civil action against an employer "on

---

[4] This does not mean that Defendants did not violate California law, which, effective January 1, 2008, mandated an $8.00 per hour minimum wage. DIV. OF LABOR STANDARDS ENF'T, CAL. MINIMUM WAGE ORDER (2014), https://www.dir.ca.gov/iwc/MW-2014.pdf; *see also* 29 U.S.C. § 218(a) (FLSA does not "excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter. . . .").

8

behalf of himself or herself and other current or former employees" when an employer has violated the California Labor Code. *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1180 (S.D. Cal. 2015) (citing Cal. Lab. Code § 2699(a)). Here, Defendants correctly assert that this claim is derivative of Plaintiff's wage claims, and liability for any such violation lies with Safety Trucking. (*See* Defs.' Mot. at 14-15.) Notwithstanding, the PAGA statute references employers, and Defendants have not provided any authority to suggest that joint employers are not also jointly liable for these violations of the Labor Code.

In light of the foregoing, the motion for summary judgment is denied as to the sixth, seventh, and eleventh causes of action.

### v. Breach of Contract

The eighth cause of action is for breach of contract. Plaintiff alleges that Defendants breached both oral and written contracts. Specifically, Plaintiff testified that, in 2008, Jason hired him as a truck driver at a monthly rate of $2400. (Pls.' Liu Dep. at 17:19-18:18, 25:23-26:6.) This was later increased to $2600. Thereafter, in 2013, Plaintiff entered into a written contract with Safety Trucking to work as a truck driver for $13.75 per hour. (T. Zheng Decl., Ex. E.)

Defendants' motion seeks summary judgment on the grounds that Safety Trucking entered into the written contract with Plaintiff, and that, as non-parties to the contract, the contract cannot be enforced against them. (Defs.' Mot. at 15.) It does not seek summary judgment on whether there was a breach of an oral contract. Indeed, Plaintiff testified that Jason offered him the job, and negotiated the terms of his employment, so, viewing the evidence in the light most favorable to the plaintiff, Jason was a party to original oral contract. The 2013 written contract is on Safety Trucking letterhead, and purports to be an employment agreement between Safety Trucking and Plaintiff. (T. Zheng Decl. ¶ 32, Ex. E.) Plaintiff did not question the authenticity of the employment agreement nor present any argument or evidence in opposition to Defendants' contention that the written contract was between Plaintiff and Safety Trucking.

Accordingly, summary judgment is granted as to Plaintiff's claim for breach of written contract. The claim for breach of oral contract, however, survives.

///

### vi. Failure to Provide Personnel Records

The ninth cause of action is for failure to provide personnel records under California Labor Code § 1198.5. Section 1198.5 generally requires employers to make personnel records available for inspection to the current or former employee, or his or her representative, within 30 calendar days from the date the employer receives a written request. Cal. Lab. Code § 1198.5(b)(1).

On April 16, 2014, Plaintiffs' counsel sent a written request for Plaintiff's personnel records to Win Woo and Safety Trucking. (FAC, Ex. A.) Defense counsel claims to have first communicated with Plaintiffs' counsel on April 29, 2014, and that she requested his client's written authorization during a phone call less than one week later. (Grover Decl. ¶¶ 2-3.) On May 19, 2014, Defense counsel requested written authorization from Plaintiffs' counsel's clients. (Decl. of X. Young Lai, "Lai Decl.," Dkt. No. 147-1, Ex. J at 10.)

Defendants contend that Labor Code § 1198.5(n) precludes this cause of action, because the filing of the lawsuit extinguished Plaintiff's right to obtain his personnel file. (Defs.' Mot. at 15.) This misstates the statute. While Plaintiff's right to obtain his file within 30 days ceases during the pendency of the litigation, Plaintiff's request was made before the lawsuit was filed. Indeed, the statute provides that Plaintiff may recover a penalty of $750 from the employer if the employer fails to furnish the records. Cal. Lab. Code § 1198.5(k). Thus, the filing of the lawsuit does not automatically defeat this claim under California law.

Here, Plaintiff requested his personnel files through his representative on April 16, 2014. If Defendants received the written request the day it was dated, the personnel file would have had to have been furnished within 30 days or May 16, 2014. Defendants argue that they asked for verification in writing before the 30 days elapsed. The letter from Defense counsel, however, is dated May 19, 2014, which was more than 30 days after it was dated. While employers may take reasonable steps to verify the identity of an employee or his authorized representative, a question of fact exists as to whether Defendants complied with the statute because the May 19, 2014 letter is dated more than 30 days after the request. *See* Cal. Lab. Code § 1198.5(e).

Thus, Defendants' motion for summary judgment as to the ninth cause of action is denied.

///

### vii. Equitable Estoppel

The twelfth cause of action seeks to prevent Defendants from asserting that some of Plaintiff's claims are time-barred.

Defendants contend that the facts alleged do not establish equitable estoppel, because the entry of a confidential settlement does not give rise to estoppel. (Defs.' Mot. at 4.) Under California law, equitable estoppel generally arises from misleading statements about the need for or advisability of bringing suit, but estoppel can also arise from the defendant's threats or intimidation that prevent the timely filing of a suit. *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 445 (1989).

Here, Plaintiff argues that he did not know about his potential wage claims because the truck drivers involved in the earlier civil action were not permitted to discuss the matter due to a confidentiality clause in the settlement agreement. (Pls.' Opp'n at 3.) Liu testified that he attempted to contact the truck drivers involved in the prior litigation to find out how the case was resolved, but they did not respond. (Pls.' Liu Dep. at 331:14-16.) The failure to provide information about a confidential settlement is not misleading. Perhaps estoppel would be appropriate had the outcome of the case been misrepresented, but Plaintiff testified that he did not know the outcome, because nobody told him. Indeed, Liu appears to claim that he wanted to join the drivers in the prior litigation. (Pls.' Opp'n at 3-4.) This indicates that he knew that he had a potential wage claim.

In addition, Plaintiff claims that he was dissuaded from filing the lawsuit by promises that the working conditions would improve. To the contrary, Liu testified that he was never told not to sue the company, but, rather, that Jason offered to generally resolve any issues he had if he would not participate in the one-day strike and, instead, make his deliveries. (Defs.' Liu Dep. at 330:6-120.) Indeed, Plaintiff acknowledged that no specific promises were made to him regarding his pay, and nobody brought up the issue of wages again. (Pls.'s Liu Dep. at 318:14-324:12). While Jason's actions could surely be interpreted to dissuade the truck drivers from picketing, Plaintiff offers no evidence that Jason's actions were meant to dissuade Plaintiff from filing a lawsuit.

Lastly, Plaintiff contends that he was mistreated compared to other drivers. (Pls.' Opp'n at

11

4.) Specifically, Plaintiff claims that Defendants refused to reimburse him for traffic fines, when they paid other drivers' fines, reduced the weight of his cargo in order to reduce his compensation, and humiliated him in front of other drivers. *Id.* at 4-5.  While Plaintiff may have been treated inequitably, these actions are not tantamount to misleading statements or threats to dissuade the filing of a lawsuit.

Accordingly, Plaintiff is unable to establish the facts necessary to estop Defendants from asserting that the statutes of limitations bars some of his claims, so summary judgment is granted as to the twelfth cause of action.  As a result, Plaintiff's potential recovery for unpaid wages is limited to those acts and events that occurred during the four year statutory period prior to the filing of the lawsuit.

**B.     Defendants' Objections**

Defendants raise numerous objections to both Plaintiffs' counsel and Plaintiff's declarations. (Defs.' Am. Reply at 6-8.)

### i.     Objections to Counsel's Declaration

#### a.   Exhibit A

Exhibit A is a purported settlement agreement in the matter of *Wang v. Safety Trucking, LLC*. Defendants seek to exclude this exhibit on grounds that it is inadmissible pursuant to the hearsay rule. (Defs.' Am. Reply at 6.)  Defendants also argues that the document is not properly authenticated, that Mr. Lai lacks personal knowledge of the document or that it is what he claims it to be, and that a settlement agreement in a matter with different plaintiffs, in which there is no admission of liability, is irrelevant to the instant litigation. *Id.* at 6-7.  The Court sustains the objection on the hearsay, authenticity, and foundational grounds, so the settlement agreement is not admissible for the purposes of this motion.

#### b.   Exhibits B, C, D

Exhibits B, C, and D are deposition transcripts.  Defendants seek to exclude the highlighted portions, which, they contend, sometimes include only the questions and not testimony, are not identified as supporting or challenging any facts presented by the Motion for Summary Judgment. (Defs.' Am. Reply at 7.)  As a result, Defendants argue that the transcripts

are not relevant.

The Court disagrees. The transcripts are complete and are authenticated, and, to the extent that the highlighted portions are incomplete, the undersigned has gone beyond those excerpts. In fact, the Court notes that Defendants, in their amended reply, cite to portions of the Liu deposition that they did not provide. Thus, this objection is overruled.

### c. Exhibits E, F, G, H, I, K

Exhibits E, F, G, H, I, and K are purported records of Safety Trucking, LLC. Exhibit E consists of the signature card and representative checks of Safety Trucking LLC from its account at United Commercial Bank. Exhibit F is a copy of Win Woo Trading LLC's Routing List that was produced by Safety Trucking in discovery, which was stapled to the back of a stack of standardized contracts between the two corporate defendants, with the translation of the first page of the documents. Exhibit G is a representative record of payments collected by Plaintiffs for Win Woo Trading, indicating a 6% commission, which was produced by Safety Trucking, with a translation. Exhibit H is a copy of a representative contract between the two corporate defendants. Exhibit I is an invoice and a check of $240 for services provided by Safety Trucking to a company. Exhibit K is a copy of a wage withholding record of Liu.

Defendants seek to exclude the records as inadmissible hearsay. These appear to be Safety Trucking's records, and are, therefore, admissible as business records if the declaration lays the foundation. Counsel failed to lay the foundation for Exhibits E, H, I, and K, because he does not describe how he obtained the documents.

Defendants also seek to exclude the documents on the grounds that they are not properly authenticated under Federal Rule of Evidence 901. (Defs.' Am. Reply at 7.) Specifically, Defendants contend that Mr. Lai lacks personal knowledge of the documents, that they are what he claims them to be, when or how they were created, what information is recorded in them, or for what purpose they were used. *Id.*

Exhibit E consists of cancelled checks and signatory cards from Safety Trucking's bank, rendering them self-authenticating. Fed. R. Evid. 902(9); *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004). Additionally, the custodian of records at East West Bank provided an

1 authenticating declaration. (Lai Decl., Ex. E at 28.) Counsel's declaration stated that Exhibits F
2 and G were produced during discovery by Safety Trucking. (Lai Decl. ¶¶ 7-8.)
3     Accordingly, this objection is sustained as to Exhibits H, I, and K, and overruled as to
4 Exhibits E, F, and G.

        d. <u>Exhibit J</u>

6     Exhibit J consists of several pre-filing communications between counsel. Defendants seek to strike the documents on the grounds that they contain settlement discussions which are not admissible either to prove or disprove the validity or amount of a disputed claim. (Defs.' Am. Reply at 7.) While settlement discussions are confidential, the Court declines to exclude the entire exhibit. Rather, while the portions pertaining to settlement negotiations are objectionable, the portions pertaining to Plaintiffs' counsel's attempts to obtain his clients personnel files are admissible.

    Thus, Defendants' objection is sustained only as to the settlement communications.

        e. <u>Exhibit M</u>

Exhibit M is a print out from the United States Department of Transportation's website regarding a business with a name similar to Win Woo Trading, LLC, but which is located La Puente, California. Defendants seek to exclude this document because it concerns a different business entity, and is, therefore, not relevant. (Defs.' Am. Reply at 7.) Further, Defendants contend that Plaintiff erroneously asserts that this printout regarding an unrelated business demonstrates that Jia Jing Zheng's testimony that Win Woo Trading, LLC did not own trucks is perjurious. *Id.* The Court agrees, as there is no indication that this is a related entity. Therefore, Defendants' objection is sustained.

    **ii.**     **Objections to Plaintiff's Declaration**

Additionally, Defendants object to Exhibits F, G, and K as supported by the declaration of Kuang Xuan Liu. As stated above, these documents are purported records of Safety Trucking, LLC. Defendants again object on hearsay grounds, and on the grounds that Plaintiff Liu is unable to properly authenticate the documents. These objections are sustained.

///

## IV. CONCLUSION

In light of the foregoing, Defendants Win Woo Trading, LLC, Jia Jing Zheng, and Mindy Fang's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Specifically, the Court grants the motion as it pertains to the first and twelfth causes of action, and the allegations of breach of written contract in the eighth cause of action. The motion is denied as to all other relief sought.

IT IS SO ORDERED.

Dated: June 13, 2016

                                              KANDIS A. WESTMORE
                                              United States Magistrate Judge