UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG XUAN LIU, ET AL., <br> Plaintiffs, <br> v. <br> WIN WOO TRADING, LLC, et al., <br> Defendants. | Case No. 4:14-cv-02639-KAW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR APPROVAL OF RESOLUTION OF PAGA CLAIMS** <br><br> Re: Dkt. Nos. 203 & 206 |

On September 1, 2016, the parties reported that they had agreed to a confidential settlement. On January 10, 2017, Plaintiffs filed a motion for approval of resolution of Plaintiff Kuang Xuan Liu's[1] Private Attorney General Act ("PAGA") claim. (Pl.'s Mot., Dkt. No. 203.) On January 30, 2017, Defendants Win Woo Trading, LLC, Jia Jing Zheng, and Mindy Fang joined in Plaintiffs' motion. (Defs.' Joinder, Dkt. No. 206-1). Thereafter, the parties provided supplemental briefing, and, on June 5, 2017, furnished the Court with the settlement agreement. (Dkt. No. 210.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART the motion for approval of Plaintiff Liu's PAGA claim, and orders that $10,150 in penalties be paid in settlement of the PAGA claim.

## I. LEGAL STANDARD

Under the California Private Attorney General Act ("PAGA"), "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Labor Code §

---

[1] Plaintiff Pei Xiong Lin's PAGA claim was time-barred. (Dkt. 192.)

2699(1)(2). While the Court is not required to approve settlement provisions resolving a plaintiff's individual claims, it is required to approve the settlement provisions related to a plaintiff's PAGA claims.

## II. DISCUSSION

In making the motion, Plaintiffs ask that the Court approve the settlement of the PAGA claim for allegedly inaccurate wage statements without payment of penalties on the grounds that Plaintiffs improperly failed to state a valid PAGA claim in the First Amended Complaint on behalf of anyone other than the named plaintiffs themselves. (Pl.'s Mot. at 5; Defs.' Joinder at 2.) Indeed, the eleventh cause of action for PAGA penalties does not specify that it was brought on behalf of any other persons nor did it describe or identify a group of similarly situated persons. (*See* First Am. Compl., Dkt. No. 7 ¶¶ 69-73.) Plaintiffs did, however, attach a copy of the PAGA notice to the original complaint, which defined the group as "all current and former non-exempt employees who were employed with Win Woo Trading, LLC and Safety Trucking, LLC. (Dkt. No. 1 at 17-19.) The California Labor and Workforce Development Agency ("LWDA") contested the parties' request that the settlement of the PAGA claim be approved without payment and disputed Plaintiff's claim that inconsistent treatment of the workforce meant that there were no civil penalties. (Dkt. No. 210, Ex. A at 1.)

As acknowledged by both parties, the Court previously granted summary judgment as to Plaintiff Pei Xiong Lin's PAGA claims because they were time barred. As a result, the only remaining PAGA claim belongs to Plaintiff Kuang Xuan Liu. The parties have agreed that Mr. Liu's chances for prevailing are unlikely, in part because Plaintiffs never provided a statement or calculation of the penalties sought during the discovery process. (Def.'s Joinder at 3; Decl. of Margaret Grover, "Grover Decl.," Dkt. No. 206-2 ¶ 3.) Furthermore, while Plaintiffs eventually raised the possibility of recovering PAGA penalties on behalf of an undefined group, this occurred well after the time for amending the pleadings had expired. (Def.'s Joinder at 3; Grover Decl. ¶ 4.)

Plaintiffs' failure to suitably litigate the PAGA claim should not prevent future claims by the State of California absent a payment of penalties. Now, Plaintiffs are willing to dismiss the PAGA claim without prejudice so that other employees or the State can bring those claims in the

future. (2/28/17 Joint Br., Dkt. No. 208 at 2.) The Win Woo Defendants understandably disagree on the grounds that they do not want to be subjected to a future lawsuit on the same furnished inaccurate wage statements that were at issue in this case. *Id.* at 5-6.

On June 5, 2017, Win Woo filed a copy of the confidential settlement agreement under seal. (Dkt. No. 210.) Indeed, the Settlement Agreement, filed under seal, clearly states that, while the parties will request that no penalties are recoverable, if PAGA penalties are found due by the Court, any such payment will reduce the total payments to Plaintiffs. (Settlement Agreement ¶ 12.) Here, Win Woo suggests that a 5% recovery of the maximum possible PAGA award, or $15,000, is a fair resolution should the Court require some payment to resolve the PAGA claim. (Win Woo PAGA Stmt at 3.) Plaintiffs refused to identify a potential PAGA penalty they believed to be fair, and, instead, again argued that the claim should be dismissed without prejudice. (Dkt. No. 211.) However, "where plaintiffs bring a PAGA representative claim, they take on a special responsibility to their fellow aggrieved workers who are effectively bound by any judgment." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016) (citing *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014)). Thus, the Court finds that given that the case survived summary judgment, Defendants are entitled to some finality as to the PAGA claim, and that a penalty is appropriate.

Based on the available records, Defendants estimate that there are approximately nine or ten workers for whom PAGA penalties are sought. (Win Woo Statement Regarding Resolution of PAGA Claims, "Win Woo PAGA Stmt," Dkt. No. 210 at 2.) For many violations, the PAGA penalty is $100.00 per employee per pay period for the initial violation, and $200.00 per pay period for each subsequent violation. Cal. Lab. Code § 2699(f)(2); Cal. Lab. Code § 2699.3(c)(3). Thus, Win Woo calculated that, based on 102 pay periods for ten employees, the PAGA penalty was approximately $306,000. (Win Woo PAGA Stmt at 2.) Win Woo's calculation, however, is incorrect, as the total maximum penalty is $203,000.[2]

---

[2] 101 pay periods multiplied by $200 per violation, which is then multiplied by ten employees equals $202,000. The initial violation of $100 for the first pay period multiplied by ten employees equals $1000.

3

Win Woo represents that, "[u]nder the Settlement Agreement, Plaintiffs Lin and Liu and their counsel received approximately Twenty Percent of the total damages claimed, including interest, penalties, and attorney's fees. The recovery to Plaintiffs Lin and Liu and their counsel will be paid over time and will be reduced by the amount of any PAGA penalties awarded." (Win Woo PAGA Stmt at 2.)

For the reasons set forth above, the Court declines to approve the settlement without payment of penalties, because Plaintiffs affirmatively chose to pursue a PAGA claim. The Court recognizes, however, that this lawsuit is atypical in that there were no class action allegations, which typically results in a reduction of PAGA penalties, because the aggrieved employees are class members. Furthermore, the number of aggrieved employees is relatively small, and Plaintiffs' maximum amount of potential damages exceeds the maximum PAGA penalties. *See Viceral v. Mistras Grp., Inc.*, No. 15-CV-02198-EMC, 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016). The Court, however, also recognizes that the PAGA claim is subject to the same risk on the merits as the non-PAGA claims, which warrants a discount, as does the fact that courts frequently exercise discretion in reducing PAGA verdicts below the statutory penalty. *See id.* The Court also finds it unlikely that all nine or ten potentially aggrieved employees worked all 102 pay periods, which serves to further discount the PAGA penalty. Taking into account that there is no additional compensation available to aggrieved employees since this was not a class action, the Court finds that the percentage suggested by Win Woo's proposal is appropriate, and assesses $10,150 in PAGA penalties, which is 5% of the maximum penalty, to be paid out of the global settlement amount. Under state law, 75% of the penalties will be paid to the LWDA "for enforcement of labor laws . . . and for education of employers and employees about their rights and responsibilities under this code," while the remaining 25% shall be paid to the aggrieved employees. Cal. Lab. Code § 2699(i).

To the extent that Plaintiffs contend that PAGA penalties cannot be assessed in the absence of a class action settlement, this argument is unavailing. (Pls.' Statement on Resolution of PAGA Claims, "Pls.' PAGA Stmt," Dkt. No. 211 at 2.) To the contrary, the majority of courts in this district have found "that 'representative PAGA claims need not be certified under Rule 23 to

4

proceed' in light of the purpose of a PAGA representative action, which is 'to vindicate the public through the imposition of civil penalties as opposed to conferring a private benefit upon the plaintiff and the represented employees.'" *Achal v. Gate Gourmet, Inc.,* 114 F. Supp. 3d 781, 806 (N.D. Cal. 2015) (quoting *Gallardo v. AT & T Mobility*, LLC, 937 F. Supp. 2d 1128, 1137 (N.D. Cal. 2013) (citing cases)). Moreover, Plaintiffs' contention that the settlement would be invalidated should the undersigned assess PAGA penalties is contrary to the terms of the settlement agreement, which clearly states that any PAGA penalties found due will reduce the total payments to Plaintiffs. (Settlement Agreement ¶ 12.) Plaintiffs cannot claim mutual mistake or misrepresentation for not understanding the terms of the settlement agreement that they entered into, as the language is clear and unambiguous. (*See* Pls.' PAGA Stmt at 2.) That Win Woo provided the Court with a suggested amount of $15,000 in penalties did not violate the settlement agreement, since they did so at the Court's request. (*See* Dkt. No. 209.) Indeed, Plaintiffs refused to do the same, despite the issuance of a court order requiring them to do so. *Id.* Thus, any request by Plaintiffs to invalidate the settlement agreement based on the awarding of PAGA penalties would be denied, and the terms of the settlement would be enforced as written and agreed.

### III. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART the unopposed motion for approval of resolution of PAGA claims. Specifically, the Court GRANTS the resolution of the PAGA claim, but orders that $10,150 be paid in penalties, which shall be distributed as set forth above.

IT IS SO ORDERED.

Dated: September 27, 2017

KANDIS A. WESTMORE
United States Magistrate Judge